ELLIOTT, et al. v. BOAZ, et al.

1. When a contract for the sale of land is rescinded by the decree of a court of chancery, the surety of the vendee is not responsible for the value of the use and occupation of the land by the vendee, the surety never having been in possession, or derived any benefit from it.

Writ of Error to the Court of Chancery sitting in Talladega. Before the Hon. W. W. Mason, Chancellor.

This cause was here at a previous term, and the decree which had been rendered was affirmed. 9 Ala. Rep. 772. The bill was filed by the defendants in error, and alledges that Elliott, as the agent of his co-defendant Huey, had sold to the complainant Boaz a certain tract of land, the location and boundaries of which he misrepresented, in consequence of which the latter became the purchaser of lands of inferior quality, and which he did not intend to buy. The co-plaintiff Davis joined with Boaz in making two notes for the purchase money, and received a conveyance to himself individually. An action was brought on the notes, which the bill prayed might be enjoined, the contract cancelled, the notes and deed delivered up, and the title re-vested in Huey. A decree was rendered granting the relief prayed, and directing a reference to the register to inquire and report what has been the value of the occupancy of the land by Boaz, and of any permanent improvements he has made or erected; that the one be set off against the other, the balance reported, and to whom due. This decree was affirmed by the decision referred to, and upon the reference to the register, he reported the value of the occupancy by Boaz, after deducting for improvements, to be $160 02, and was of opinion that the same should be paid by Boaz to Huey. The defendants excepted to the report, because Davis was not charged with his co-plaintiff for the use and occupation; but the exception was overruled, and a final decree rendered according to the report.

L. E. PARSONS and S. F. RICE, for the plaintiff in error, cited 9 Ala. Rep. 42.

J. T. MORGAN, for the defendant in error, cited 5 Ala. Rep. 388.

COLLIER, C. J.—The only question presented for our decision, is, whether Davis is properly chargeable for the use and occupation of the lands in question. It must be observed that he does not appear to have been concerned in the purchase, or that he ever derived any benefit from the possession. The record exhibits him as a mere accessorial party, uniting with his co-plaintiff, the vendee, in the notes for the purchase money, and taking a conveyance to himself, doubtless for his own indemnity against the consequences of the liability he thus incurred. Davis's contract was to pay the purchase money, and from this he was relieved by the sale being annulled; the decree vacated the deed and destroyed the obligation of the notes; consequently, no further duty rested on him growing out of his contract. Upon what ground, then, shall he be charged for the occupation of the land by his principal, the vendee? The sale was declared void, without requiring the value of Boaz's possession to be paid as a condition precedent—this is merely a consequential requisition, and intended to make the vendee do justice to his vendor, who does not appear to have been in fault, though his agent was.

There is, then, no subsisting contract, which will bind Davis to pay for the use and occupation of his co-plaintiff, and we can discover no such obligation upon him founded in moral justice. But if there was a mere moral duty, it could not be enforced—he would have the right to stand on his contract, and insist that the measure of his liability should be thus graduated. We can discover no error in the decree of the chancellor, and it is therefore affirmed.