MARLAN M. MORGAN, PLAINTIFF IN ERROR, vs. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. An indictment for larceny of chattels should show the time and place of the commission of the offence, and the value of the property alleged to be stolen; and if either be omitted, the defect is incurable.

2. Under the statute prescribing a punishment for "fraudulently marking an unmarked animal, with intent to claim the same, or to prevent identification by the owner," an indictment should set forth the offence in the language of the statute, the intent to defraud being the essence of the offence. A charge that defendant "wilfully and feloniously marked an unmarked animal," is not sufficient.

672    SUPREME COURT.

Morgan vs. The State of Florida—Opinion of Court.

Error to the Circuit Court for the county of Volusia.
The case is stated in the opinion of the court.

*Sanderson & L'Engle*, for Plaintiff in Error.

*A. R. Meek*, (Attorney General,) for the State.

RANDALL, C. J., delivered the opinion of the court.

The plaintiff in error was indicted at the Fall Term, 1869, of the Circuit Court for Volusia county. The indictment charges that " M. M. Morgan, late of said ——, laborer, not having the fear of God before his eyes, but being moved and seduced by the instigation of the devil, on or about the 8th day of May, A. D. 1869, did, in the peace of God and of the State of Florida, then and there being, wilfully and feloniously take, steal and carry away one calf, the property of James H. Prevatt.

*And, so*, the jurors aforesaid, upon their oath aforesaid, do further say, that the said M. M. Morgan, in manner and form aforesaid, did wilfully snd feloniously mark an unmarked animal, to-wit: "A calf, the property of James H. Prevatt, of the value of five dollars, with intent to claim the same, contrary to the statute," &c.

The accused was tried and found guilty, and sentenced to imprisonment, at hard labor, in the State penitentiary for two years.

The assignment of errors sets forth nine grounds of error, relating principally to transactions at the trial and to the charge of the court. As there is no bill of exceptions, however, we cannot know what transpired between the time of swearing of the jury and of giving their verdict, and can notice only such matters as appear upon the face of the record.

The indictment seems to have been treated as consisting of two counts—charging two distinct offences; but from its peculiar phraseology, the first count seems to be a statement

of certain facts upon which the charge in the second count is based, there being no conclusion to the first, and no facts stated in the second.

It is essential in charging the offence of larceny, that the time and the place of the taking, and the value of the property stolen, be definitely stated. Charging that the offence was committed "on or about" a certain day, has been uniformly held to be indefinite, and fatal upon demurrer or motion to quash. What may be the effect, upon this point, of the statute relating to technicalities in indictments, it is unnecessary to determine here. We desire only to call attention to a very loose and dangerous practice.

The statement of the place or county where the offence was committed, cannot be omitted without vitiating the indictment. "If no time or place be stated, or if the time or place stated be uncertain or repugnant, the defendant may demur or move in arrest of judgment, * * for the defect is not cured by verdict." Archb. Cr. Pl., 14; 2 Hawkins, Ch. 25, sec. 77; 5 Term R., 162. "At the common law no indictment can be good without expressly showing some place where the offence was committed, which must appear to have been within the jurisdiction of the court." 2 Hawk. Ch. 25, sec. 83. The defendant is, moreover, entitled to be informed of the time when, and the place where the offence is alleged to have been committed, in order that he may be enabled to prepare to meet the charge. The statute also requires that all criminal causes shall be tried in the county where the offences are committed, with only exceptional cases, and subject to the power of the court to order a change of place of trial.

In an indictment for larceny of goods and chattels, it is necessary to allege the value of the property stolen, for at the common law there can be no larceny of property unless it be of some value. Under the statute it is peculiarly necessary to allege the value, in order to determine the jurisdiction, for if the value of chattels stolen does not exceed

twenty dollars, the offence is a misdemeanor, to be tried only before the county court, the criminal jurisdiction of the circuit court being confined to offences "amounting to felony."

The latter part of the indictment was evidently intended to cover the offence mentioned in section 51, page 78, laws of 1868, which reads, "if any person shall fraudulently alter or change the mark or brand of any animal, or shall fraudulently mark or brand any unmarked animal with intent to claim the same, or to prevent identification by the true owner thereof, the person so offending shall be punished by imprisonment in the State penitentiary not exceeding five years."

It is observed that this indictment not only does not state either the time or place of committing the offence, but it omits to charge that the marking of the animal was done "fraudulently." The gist of the offence is the intent to defraud the owner. It is a general rule, that unless the words of the statute (creating an offence) be recited, neither the words "contrary to the form of the statute," nor any periphrasis, intendment or conclusion will make good an indictment which does not bring the fact prohibited or commanded, in the doing or not doing whereof the offence consists, within all the material words of the statute. 2 Hawk. P. C. C. 25, sec. 110.

Our statutes go a great way in curing formal defects in indictments, but we are not able to extend them to a case like the present. The verdict and judgment must be set aside, and this cause remanded, with directions to the circuit court to quash the indictment.