### No. 311.—STATE OF LOUISIANA *v.* SAMUEL KUHN.

In a prosecution for retailing spirituous liquors without a license it is sufficient if the indictment charges the person with retailing spirituous liquors without first obtaining a license therefor, without specifying the person to whom it was sold, or the quantity sold.

Where authority has been given to the parish by the Legislature to impose a license upon persons who are engaged in retailing spirituous liquors, the indictment for retailing spirituous liquors without first obtaining a license therefor, need not show affirmatively that the parish had the right to impose such license.

APPEAL from the Fourteenth Judicial District Court, parish of Ouachita. *Ray*, J. *W. W. Farmer*, District Attorney, for the State. *W. J. Q. Baker* and *R. G. Cobb*, for defendant and appellant.

HOWELL, J. The defendant having been found guilty of retailing spirituous liquors without previously obtaining a license, has appealed from a judgment sentencing him to pay a fine of three hundred and five dollars. Before trial he moved to quash the indictment, on the following grounds :

*First*—That the indictment is insufficient in law and defective in this, that the charge is too general, and does not specify the person to whom the sale was made; it does not specify the quantity sold; it does not negative the fact that the accused had a license to sell.

*Second*—The indictment is insufficient in this, that it does not state or allege that the quantity sold was less than one quart; it does not specify the quantity sold or retailed, nor does it state the minimum that may be sold without license; nor does it state that the quantity retailed was not a part of a larger quantity.

*Third*—The indictment does not state affirmatively that the parish of Ouachita had the right, or authority, or ability to issue licenses on the first day of February, 1872.

The indictment is based on the following law :

" Sec. 910. Whoever shall keep a grog or tippling shop, or retail

spirituous liquors without previously obtaining a license from the police jury, town or city authorities, on conviction shall be fined not less than one hundred dollars nor more than five hundred dollars; and in default of payment, shall be imprisoned not less than fifteen days nor more than four months." R. S. of 1870.

The indictment is in the following words:

"That Samuel Kuhn, etc., did retail spirituous liquors without then and there previously obtaining a license therefor from the police jury of the parish of Ouachita, and without then and there previously obtaining a license therefor from any town or city authorities, contrary to the form of the statute," etc.

I. and II. These grounds of the motion present but one point—the failure to allege the facts which constitute the offense charged. It is contended by the appellant's counsel that the word "retail," as used in the law, has a technical and descriptive signification, and it is necessary that the indictment should contain the elements of the offense; that is, what particular quantity is established as retail, or less than which is retail, and to sell which a license must be previously obtained, and specify the person to whom such sale is made.

We do not concur in this view. The offense is a statutory one—the retailing of spirituous liquors without first procuring a license—and the indictment following the words of the statute is sufficient. We deem it unnecessary for the indictment to give the definition of the word retail, or specify what constitutes retailing, under the provisions of the law, as distinct from selling at wholesale or otherwise. It is the pursuing of the particular kind of business without a license that is made an offense, and not the selling of a particular quantity of spirituous liquors on a particular day to a particular person. The accused is notified of the charge that on a certain day he did retail spirituous liquors without first procuring the license required by law; that is, that on that day he was pursuing the business without license.

III. "The indictment does not show affirmatively that the parish of Ouachita had the right, or authority, or ability to issue licenses on the first day of February, 1872."

We are unable to perceive the legal force of this ground. The authority in this respect had been conferred by the Legislature, and whether the parish had or had not submitted the question of license or no license to the voters can have no effect to relieve the defendant from the obligation of procuring a license and the liability to prosecution for not obtaining it. If the question had been submitted to the voters and decided in the negative, the defendant would be guilty of the offense announced in section 910, if he were to pursue the business of retailing spirituous liquors without license. Being unable to legally obtain a license, he would violate the law which made a license neces-

sary under a penalty. If the question had been decided in the affirmative, he would equally be bound to procure a license before he could commence the business; and so if the question had not been submitted to the voters. In any and every contingency the defendant must first procure the license from the police jury before he can retail spirituous liquors, otherwise he will be obnoxious to the penalty presented in section 910, above quoted.

The bill of exceptions to the refusal of the District Judge to charge the jury that section 23 of act No. 42 of 1871; section No. 1, clause No. 10, of act No. 14 of 1872, and section No. 1, clause No. 9, of act No. 17 of 1872, are in force, and to his refusal to read to the jury act 23, R. C. C., was not well taken. Those laws have no relation to the subject in this prosecution. The said acts relate to the revenue of the State, and not to the subject of section 910 R. S. under which this prosecution is had, and do not impliedly repeal the latter, under act 23 of the Code.

Judgment affirmed.

Rehearing refused.