Mr, Justice VanYalkenburgh
delivered the opinion of the court.
The plaintiff in error, William Humphreys, having been challenged as not qualified to vote at the fall election of 1878, in Alachua county, and having, as is alleged, taken the oath prescribed by the statute, was indicted for false swearing, tried and-'Convicted. The statute in relation to challenges and the oath of party challenged, approved on the 27th day of February, 1877, and being §7 of Chapter 3021, is as follows:
“If .any person offering to vote shall be challenged as not qualified by an inspector or elector, one of the inspectors shall declare lo the person challenged the qualifications of an elector. If such person shall claim that he is qualified and the challenge be not withdrawn, one of the inspectors shall administer to him the following oath. * * * If §ny person so challenged shall take suck oath, his vote shall be received, provided, his name is on the registration list for such election district; and, provided further, that if he has been naturalized, or declared his intention to become’a citizen of the United States, he shall present to the inspectors his certificate of naturalization, or a duly sealed and certified copy thereof, or a duly sealed and certified copy of his declaration of intention, as the case may be. Should .the name of any person who has been duly registered according to the requirements of this act not appear on the registration list-of the election' district in which he resides, he shall, on offering to vote at the voting place or precinct in sucli election district, be required to .state under oath that he is twenty-one years of age,” &c..
The indictment, as presented by the grand jury, is in following form.
“In the Circuit Court for the Fifth Judicial Circuit of the State of Florida for Alachua county, at the Fall Term thereof, in the year of our Lord one thousand eight hundred and seventy-eight.
“Alachua county, to-wit: The grand jurors of the State of Florida, inquiring in and for the body of the county of Alachua, on their oaths do present that William Hum-phreys, late of the county of Alachua aforesaid, in the circuit and State aforesaid, laborer, on the fifth day of November, in the year of our Lord one thousand eight hundred and seventy-eight, with force and arms at and in the county of Alachua aforesaid, at a general election held in said Alachua county, in the State aforesaid, in election district number ten, in the town of Micanopy,. did present himself as a duly qualified elector to the duly qualified and acting inspectors of said election, and that his right to -vote at- said election was then and theré challenged and questioned. Whereupon, as is provided and authorized and required by the statute in such cases made and provided, the said William Humphreys was then and there duly, legally and solemnly sworn by one Daniel C. Hart, a duly appointed and qualified inspector of the election aforesaid, at said voting precinct or district, who was duly -authorized and required by law to administer the oath provided for by the statute in such cases made and provided, and the said William Humphreys being so sworn as aforesaid, then and there upon his oath aforesaid, falsely, corruptly, knowingly, wilfully and maliciously before the said- inspector of the election aforesaid, the said Daniel G. Hart, and did swear amongst other things in substance, and to the effect following, that is to say, that he, the said William Hum-phreys had lived and resided in the State of Florida twelve months, and in the said county of Alachua for six months, next preceding said day, the fifth day of November, in the year aforesaid, whereas in truth* and in fact the said William Humphreys had not lived or resided in the said county of Alachua for six months next preceding the said fifth day of November, in the year aforesaid, against the form of the statute in such case made and provided, to the evil example of all others in the like case offending and against the peace'and dignity of the State of Florida.”
A motion was made by the counsel for the prisoner to quash this indictment upon several specific grounds, which was denied by the court, and after verdict a like motion in arrest of judgment was also denied by the court, when the prisoner sued out his writ of error.
The errors assigned are as follows:
1. The court erred in overruling the motion in arrest of judgment, because, first, the indictment does not follow the words of the statute in this: it charges that Humphreys presented himself, as a qualified voter, but it does not allege that he offered to vote.
2. The indictment does not show that one of the inspectors declared to Humphreys the qualifications ‘of an elector before administering the oath.
3. The indictment does not charge any crime in the body of the same, nor in any concluding averment.
4. The indictment does not charge that the matter sworn to was material.
5. The indictment does not allege that the plaintiff in erorr knew or believed that the matters sworn to by'-him were false.
This indictment is clearly insufficient, and the motion made on behalf of the prisoner to quash it should have been granted. It nowhere alleges that the prisoner “offered to vote” previous to being challenged, or that he was challenged “as not qualified by an inspector or by any other elector,” or that “one of the board declared to the person *103 challenged the qualification of an elector,” or that the challenge was not subsequently withdrawn. This is an offence prescribed by statute, and the person committing it is made liable to punishment for "false swearing,” and on conviction shall "suffer the pains and penalties of perjury.” (Chap. 10, §1 of Chap. 1637, Laws of Florida, approved August 6, 1868.)
It has long been well settled that where the offence is one prescribed and defined by statute, it must be charged •in the'very language of the statute, or in language of .equivalent import.
In the case of Morgan vs. The State, (13 Fla., 671,) this court says, "it is a general rule ,that unless the words of the statute (creating an offence) be recited, neither the words 'contrary to the form of the statute/ nor any periphrase, intendment or conclusion, will make good an indictment which does not bring the fact prohibited or commanded, in doing .or not doing, whereof the offence consists, within all the material words of the statute.”
In Wharton's Crim. Law, (6th Ed., §364,) it is said, "where the words of the statute are descriptive, of the of-fence, the indictment should follow the language, and expressly charge the described offence of the defendant, or it will be defective.”
It is necessary that the defendant should be brought within all the' material words of the statute, and nothing can be taken by intendment.
• This indictment does not charge that the defendant offered to vote or presented himself for the pulpóse of voting, nor does it allege that he was challenged either by an "inspector or/by any other elector,” nor does it appear that he was informed by an inspector of elections of the necessary qualifications of a voter. These are the conditions precedent which render the oath necessary and material, and it is only after an oath so taken, these conditions having been fully complied with, that the statute punishes "the false swearing” with the pains and penalties of perjury. The indictment does not state all the facts and circumstances which constitute the statute offence, and the party indicted is not brought within the provisions of the statute. "When the facts which the indictment charges may be true, yet the defendant not be prima facia guilty of crime, it* is insufficient, for there still remains at least one thing of which he is not informed; and that he may know certainly what each thing is wherewith lie is charged, all the facts which, enter into his offence must, especially in felony, be set down by express averment, nothing being left to intendment. In other words, the indictment must allege everything which it is necessary for his conviction to prove'against him.” Bishop Crim. Prac., §519; Beasley vs. The State, 13 Ala., 535; Sarah vs. The State, 28 Miss., 267; Kit vs. The State, 11 Humph., 167; see also State vs. Pratt, 10 Lou. Ann., 191; Thompson vs. People, 3 Parker Crim. R., 208; The People vs. Allen, 5 Denio, 76; Com. vs. Hampton, 3 Grat., 590.
The cause in remanded to the Circuit Court with directions to arrest the judgment and discharge the defendant.