## PLUNKETT v. THE STATE.

LIQUOR LAW.—*Sale without License to be Drank on Premises.—Indictment.*—In an indictment under the act of March 17th, 1875, 1 R. S. 1876, p. 869, for selling liquor without a license, to be drank or suffered to be drank on the premises, it is sufficient to allege that the liquor sold was "intoxicating liquor," as this phrase, under section 2 of the above act, includes spiritous, vinous, malt and all other intoxicating liquors used as a beverage.

SAME.—*Quantity.*—It is not necessary to state in the indictment the quantity sold, for the selling of intoxicating liquor in such manner constitutes an indictable offence without reference to the quantity which may be sold at any one time.

SAME.—*Evidence.—Intoxicating Qualities.*—Under section 2, *supra*, it is not sufficient that the evidence merely shows that the liquor sold was beer, but it must also show that it was of the kind possessing intoxicating qualities.

SAME.—*Where Sold.—Possession by Third Person.*—Where, in such case, the evidence shows the house where the liquor was drunk to have been at the time in the actual possession and occupancy, and under the immediate control, of a person other than the defendant, with whom the latter lived as a member of his family, without any independent authority over the house, it is not the house of the defendant within the meaning of the statute.

From the Montgomery Circuit Court.

*G. W. Paul, J. E. Humphries* and *F. S. Graham*, for appellant.

*T. W. Woollen*, Attorney General, *G. W. Collings*, Prosecuting Attorney, *D. A. Roach* and *A. B. Cunningham*, for the State.

NIBLACK, J.—The appellant was indicted, tried and convicted in the court below, under the act of March 17th, 1875, for selling intoxicating liquor without a license, to be drank on the premises.

Errors are assigned upon the overruling of a motion to quash the indictment, and upon the refusal of the court to grant a new trial.

The charge was "that one Elver Plunkett, late," etc., "on the 15th day of May, A. D. 1875, at," etc., " did then and there unlawfully sell to one Thomas M. Foster a certain intoxicating liquor to be drank, and suffered to be drank, in the house of said Elver Plunkett, where the same was sold, at and for the sum of fifteen cents, he, the said Elver Plunkett, not then and there having a license to sell said liquor to be drank, and suffered to be drank, in his said house."

It is contended that the indictment was bad, because it failed to allege both the particular kind and the quantity of intoxicating liquor sold.

In a case like this for selling liquor without a license, to be drank, or suffered to be drank, on the premises, it is sufficient to allege that the liquor sold was intoxicating liquor. The phrase " intoxicating liquor " includes spirituous, vinous, malt and all other intoxicating liquors whatever used as a beverage.    1 R. S. 1876, p. 870, sec. 2. And it is not necessary to state the quantity sold.    The selling of intoxicating liquor without a license, to be drank, or suffered to be drank, on the premises, constitutes an indictable offence, without reference to the quantity which may be sold at any one time. *Schlicht* v. *The State*, 56 Ind. 173 ; *The State* v. *Wickey*, 54 Ind. 438 ; *Burke* v. *The State*, 52 Ind. 522.    No error was therefore committed in overruling the motion to quash the indictment.

At the trial Thomas M. Foster, the prosecuting witness, pointed out a boy then present as the defendant, and

said that he had often been at the store of John W. Plunkett, who was the father of the defendant; that the defendant was around the store; that he, witness, had bought beer at the store between April 1st and June 1st, 1879; that the defendant was there at the time; that the defendant waited on him there several times; that the defendant furnished him beer in the cellar under the store, where he and one Bluford Clough drank it, for which he paid fifteen cents; that there was no one else besides witness, Clough and defendant in the cellar at the time; that the beer was bottled in quart bottles; that the defendant poured out the beer from one of the bottles and handed it to him and Clough; that he paid for the beer upstairs, not remembering having ever paid the defendant for any beer; that he always settled upstairs, for the reason that there was the place to make change; John W. Plunkett lived upstairs over the store; that the boy, the defendant, was around the store, but never saw him waiting on customers in the store, nor did he know whether the boy owned the beer or not; that he did not know who owned the store; that he went down cellar and was waited on by the boy; that he went upstairs and told either John W. Plunkett, or one of his clerks, that he owed the house fifteen cents and paid it.

Clough was also examined as a witness, but his testimony only corroborated Foster in a general way, without adding anything to the force or legal effect of Foster's testimony, and this was, in substance, all the evidence given in the cause.

It is further contended that this evidence did not sustain the verdict. In our opinion this objection is well taken.

In the first place, the evidence did not show the beer sold to have been either malt beer or other beer possessing intoxicating qualities. This was necessary under section

The I., C. and L. R. R. Co. *v.* Kilner, Treasurer, *et al.*

2, *supra*, of the act of 1875. *Klare* v. *The State*, 43 Ind. 483 ; *Wiles* v. *The State*, 33 Ind. 206.

In the next place, the evidence did not, as we construe it, show the house in which the beer was drunk to have been the house of the defendant within the meaning of the statute under which the indictment was returned. On the contrary, it showed the house to have been at the time in the actual possession and occupancy, and under the immediate control, of John W. Plunkett, with whom the defendant apparently lived as a member of his family, without any independent authority over the house.

For want of sufficient evidence to support the verdict, the judgment will have to be reversed.

The judgment is reversed, and the cause remanded for a new trial.