EDWARD DANSEY, PLAINTIFF IN ERROR, VS. THE STATE OF
FLORIDA, DEFENDANT IN ERROR.

1. The prisoner stated in his affidavit for a continuance that the sub-
pœna issued the preceding day for witnesses who were residents
of the county had not been served, and that he was *informed* that
they were temporarily absent from the county at work on a
railroad in South Florida. The Sheriff's return of the subpœna
is that it was served on the witnesses on the day of its issue :
*Held,* That no error appears to have been committed in refusing
the motion.

2. The sale of spirituous liquors or carrying on of the business of a
liquor dealer without a license is not a continuing offence. A
single sale is a violation of the statute, and a repetition of sales
or continuing in the business of selling is not an essential ele-
ment of the offence prohibited.

3. The rule followed in Brevaldo vs. State, 21 Fla., 789, that if an of-
fence is charged as having been done on a certain day and on di-
vers other days, &c., there cannot be a conviction of any sub-
stantive offence committed prior to the time alleged, applies only
to continuing offences, and perhaps to all charges of illicit inter-
course within a certain period.

4. Where an indictment charges the sale of spirituous liquors, or car-
rying on of the business of a dealer therein without having a
license, to have been on a certain stated day and on divers other
days and times between such day and the finding of the indict-
ment, all the allegation of time after that of the particular day
may be rejected as surplusage, and the State is not restricted to
proof of the offence having been committed on the stated day or
within the stated period.

Edward Dansey v. The State of Florida—Opinion of Court.

5. It is not necessary to allege in an indictment for selling spirituous liquors without a license or in one for carrying on the business of a dealer in spirituous liquors without a license, either the name of a person to whom the liquor was sold, or the particular liquor sold, nor that the defendant had a place of business, nor that his place of business was in an election district of a county.

Writ of Error to the Circuit Court for Alachua county.

The facts of the case are stated in the opinion.

*Taylor & Sanchez* for Plaintiff in Error.

*The Attorney-General* for Defendant in Error.

MR. JUSTICE RANEY delivered the opinion of the court :

The plaintiff in error was indicted and convicted for selling spirituous liquors without having procured a license.

I. The first error assigned is the refusal of a continuance of the cause to a succeeding term. The application for the continuance was made on the 15th day of May at the spring term, 1886, of the Alachua Circuit Court, and denied the same day. The indictment was found on the 9th day of December of the preceding year at the fall term.

The affidavit of the prisoner, upon which the motion for the continuance was based, states that R. A. Coleman, A. Carn and H. Washington are material witnesses, that they have not been served with subpœna for the reason that the indictment was found at the last term of the court, and he has been and is utterly unable to pay the costs for having his witnesses served with subpœna, and he could not get an order for subpœnas until this term, but has at such term applied for and obtained the order and the subpœnas are now in the hands of the Sheriff ; that the witnesses are ab-

sent without his consent; that they reside in Alachua county, but he is informed are temporarily absent from the county at work on the railroad in South Florida; that he expects to prove by them that "they were present with this defendant all day on the first day of April, 1885, and knew of his whereabouts and business from that day to the time of filing the bill, and that each of them will swear that he did not sell or buy liquors at that time and in the manner stated in the indictment." It has other usual statements which need not be mentioned.

The subpœna spoken of was issued on the day preceding the application for the continuance, and was returned as having been executed on the day of its issue, by serving a copy on each of the named witnesses.

In face of the statement of the affidavit that the prisoner is *informed* that the witnesses are *temporarily absent* from Alachua county and have not been served with subpœna, we have the return of the Sheriff that they had been served. This service appears to have been made the day before the affidavit was sworn to. The refusal of the continuance may have been for the reason that they had been served and were not absent, and we think the Sheriff's return of the fact of such service is sufficient to support the ruling of the Judge as against an affidavit of the prisoner, which, as to the alleged absence is made simply upon information. What the source of the information was, we are not informed. There are, moreover, no circumstances stated to justify us in holding that the witnesses had absented themselves after service was made on them, (as in Blige vs. State, 20 Fla., 742,) or if so that they could not be had at the pending term by attachment.

II. The testimony on the trial was in substance as follows: Frank Brown testified that he knew the prisoner, knew he sold whiskey, because he, witness, got some of it;

he bought a drink and a half-pint flask, and prisoner sold some at the same time to two other parties (whom witness names). This was "about in April, 1885, at Archer, in Alachua county, Florida;" has never seen him sell any liquor later than April. Prisoner had this whiskey in a fish house in Archer. Mr. Haines kept the fish house but was away at Cedar Keys at that time. Prisoner had the jug under the counter and took it out and poured the whiskey out of it; had a glass. It was Haines' place of business, but prisoner was stopping there a little while; the place was not fixed up for the business.

Sam Stephens testified that he bought a half-pint flask of whiskey from prisoner "about April, 1885, and paid him a quarter for it," at the place mentioned by Brown.

Another witness testified that he purchased whiskey of defendant about Christmas, 1884, and again about April, 1885, out of the jug at the fish house.

The witness admitted having had "words," "trouble or difficulty," with the prisoner about politics. One of them admitted having shot into the home of defendant's mother and having run him, not as having anything to do with this case, but because the prisoner thinks himself better than others of his race, and for this he was fined, and two weeks after he made affidavit that defendant was doing business without a license.

It was admitted that defendant had no license for the years 1884 and 1885, and that the magistrate before whom the witness last spoken of made the affidavit would testify that such affidavit was made about April 1st, and only a few days after such witness was fined; and that such affidavit was the commencement and basis of this prosecution.

The offence is charged to have been committed on the first day of April, 1885, and divers other days and times

between such day and the day of the filing of the indictment.

The prisoner's counsel requested the judge to charge the jury : 1st, That they could not convict the prisoner for any sale of liquor prior to April 1st, 1885, but it must be proved to their satisfaction that the sale was made some time since the beginning of such day.

2d, That to convict they must find that he carried on the business between the times stated in the indictment, and evidence of selling at any othe~ times is not to be considered, that time is of the essence of the offence under the indictment in this case.

3d, That to constitute a dealer in liquors, under our statute, the evidence must show that the defendant was openly carrying on the business of a dealer in liquors generally, that he kept them exposed for sale, that a mere single sale in secret will not do.

The judge refused to give these instructions, and charged the jury that if it was proved that the defendant sold liquor in Alachua-county, Florida, at any time within two years before the finding of the indictment, without license, they could convict the prisoner regardless of the time laid in the indictment.

The instruction given as well as the refusal to give the instructions asked was excepted to, and this action of the judge and his permitting, against objection, the introduction of testimony as to the sale of liquor prior to April 1st, 1885, were, with the assertion that the verdict is contrary to the evidence, urged as grounds for a new trial, and are with the denial of such motion assigned as error here.

It has been held in two cases (Jordan vs. State, 22 Fla., 528 ; and Freze vs. State, 23 Fla., and Vol. 2 of Southern Reporter, p. 1,) by this court that a single sale of spirituous

liquors by one not having a liquor license is a violation of the revenue act of 1883, see also State vs. Cassety, 1 Rich. L. (So. Ca.), 90 ; State vs. Mooty, 3 Hill (So. Ca.), 187. There was consequently no error in the refusal to give the third instruction asked by counsel for plaintiff in error.

In view of the decision just mentioned it cannot be held that to sell spirituous liquors without a license, or in other words, of the statute to " carry on, conduct or manage the business of a dealer in spirituous liquors without a license," is a "continuing offence," or one which a series or repetition of acts is required to constitute. The rule followed in Brevaldo vs. State, 21 Fla., 789, is one which we find applied to only continuing offences and to perhaps all charges of illicit intercourse within a limited period. Com. vs. Briggs, 11 Metcalf, 573 ; 1 Bp. Cr. Pro., §402; Alsabrooks vs. State, 52 Ala., 24 ; Lawson & Swinney vs. State, 20 Ala., 65, 75 ; 8 Rich. Law Repts., 313. The offence now under consideration not being a continuing offence, it is not one to be charged with a *continuando*, but simply as having been committed on a particular day ; and there being an allegation of a particular day—April 1st, 1885, the balance of the averment as to time may be treated as surplusage, as in People vs. Adams, 17 Wend., 475 ; 1 Bp. Cr. Pro., 388 ; State vs. Munger, 15 Vt., 290. We do not feel justified in carrying the doctrine followed in the Brevaldo case, which is an exception to the general rule, further than adjudicated cases have done, and hence we conclude that there was no error in the refusal of the Circuit Judge to give the other instructions asked for in behalf of the prisoner. There was no objection to any testimony, except that as to the sale in December, 1884, and if for any reason there was error in admitting that, there is still ample evidence besides to sus-

tain the charge in the indictment and to support the verdict.

There was, we think, no error in the charge given by the Judge nor in his refusal to grant a new trial.

III. There was also a motion in arrest of judgment. It is urged in support of such motion that the indictment does not charge the defendant with having a place of business, nor that such place of business was in an election district in the county, nor the person to whom the sale was made, nor the time or any other identifying circumstances.

The indictment states the time as indicated in the first sub-division of this opinion, that in the county of Alachua, in the State of Florida, the defendant " did sell then and there spirituous liquors, and was then and there a dealer in spirituous liquors," not having procured a license therefor.

The following authorities, though there are some to the contrary, satisfy us that the indictment is sufficiently specific: People vs. Adams, 17 Wend., 475; State vs. Munger, 15 Vermont, 290 ; State vs. Spain, 29 Mo., 414 ; State vs. Ladd, 15 Mo., 432 ; State vs. Melton, 38 Mo., 369 ; State vs. Fanning, 38 Mo., 359 ; Riley vs. State, 43 Miss., 397 ; Cannedy vs. People, 17 Ill., 158; State vs. Bielby, 21 Wis., 204 ; State vs. Gunmer, 22 Wis., 441; State vs. Becker, 20 Iowa, 438 ; State vs. Schweiter, 27 Kansas, 499; Myers vs. People, 67 Ill., 503 ; State vs. Kuhn, 24 La. Ann., 474 ; State vs. Hickerson, 3 Heiskel, 375; State vs. Staley, 3 Lea, 565 ; State vs. Parnell, 16 Ark., 506 ; 19 Ark., 60 ; Hulstead vs. Commonwealth, 5 Leigh, 786, where it was held that the name or names of the person or persons to whom the liquor was sold need not be averred ; and Commonwealth vs. Conant, 6th Gray, 482; Commonwealth vs. Ryan, 9th Gray, 137 ; State vs. Blaisdell, 33 N. H., 388 ; Plunkett vs. State, 69 Ind., 68 ; Buell vs. State, 72 Ind., 523, where

the allegation of "intoxicating liquors" or "spirituous liquors" in the language of a statute (the general rule as to offences created by statute, 13 Fla., 671 ; 17 Fla., 381, 386,) is held to be sufficiently specific without specifying the particular liquor claimed to have been sold. People vs. Adams, *supra*, a case where the indictment charges the offence on a particular day, and divers other days, holds the allegation as to time sufficiently certain, for that one day certain being alleged the residue or *continuando* may be rejected as surplusage. Where the statute, as is the case with us, does not make the offence or punishment vary with the quantity sold, no allegation of the quantity sold is necessary. Bp. Stat. Crimes, §1039 ; Plunkett vs. State, 69 Ind., 68.

The above cases show that an indictment no more specific than the one before us is sufficient. The fact that there is no charge that the defendant had a place of business, nor that such place of business was in an election district, is not only immaterial, but would, we think, be an unnecessary and perhaps improper averment in an indictment like this under sections 11, 12, of the General Revenue Act of 1883, chapter 3413. Though this statute requires a liquor dealer to pay the license tax for each place in the county at which he may carry on business, and chapter 3416 requires a petition from a majority of the registered voters of the election district in which it is proposed to do the business, and a *permit* based thereon from the County Commissioners to do business in such district, before a license under the former act can be obtained, yet these provisions do not change the rule of pleading where a party is charged with carrying on the business in the county without having obtained a license under the former or General Revenue Act. What should be the form of an indictment where a party had obtained a permit for one election district and a *license*, and did

business in a district which the permit did not cover, we do not feel called upon to say.

The objections as to the insufficiency of the indictment to enable the defendant either to prepare his defence or to avail himself of the judgment thereon, are answered by the above authorities (Commonwealth vs. Conant, *supra ;* Riley vs. State, *supra,* and others), and the applicability of such authorities to our system is emphasized by sections 10 to 13, pp. 110, 443, 444, of McC.'s Digest, which provides against the quashing of indictments and arrest of judgment on account of certain defects in indictments, and declare the remedy for the specific objections just mentioned.

The judgment of the Circuit Court is affirmed.