STEPHEN D. ROBERTS, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. When the words used in an indictment are equivalent to the words of the statute, and the indictment is sufficient to put the defendant upon full notice of the offence with which he is charged, the judgment will not be arrested upon the ground that the indictment was so vague and indefinite that the defendant was embarrassed and misled in his defense.

2. A person who wishes to sell spirituous, vinous or malt liquors in a county where no election has been held to determine whether or not such liquors shall be sold, must present his petition, signed by a majority of the registered voters of the election district in which he desires to sell, to the Board of County Commissioners, obtain a permit to sell, and present the permit, the amount of money required by law for the license and the license fee to the collector of revenue for the county; and if the collector of revenue then refuse to grant the license, the applicant has his remedy against the officer to compel him to grant the license, but a sale without the license is a violation of the law, and one who sells without the license cannot shield himself upon the ground that he had presented the money for the license, or that he did not intend to violate the law.

Writ of Error to the Circuit Court for Columbia County.

The facts of the case are stated in the opinion.

*B. B. Blackwell,* for Plaintiff in Error.

*The Attorney-General* for Defendant in Error.

MITCHELL, J. The plaintiff in error was tried and convicted upon a charge of engaging in and managing the business of a dealer in spirituous, vinous and malt liquors without a license, on the 8th day of March, 1890. Defendant moved in arrest of judgment and for a new trial, which motions were overruled, and defendant sentenced to pay a fine of six hundred dollars and costs of the case, and the case now comes before this court upon writ of error.

There are, but two assignments of error in the case: 1. The Court erred in overruling motion in arrest of judgment; 2. The Court erred in refusing to grant a new trial.

The grounds of the motion to arrest the judgment are: 1. Because said indictment does not charge a crime under the laws of the State of Florida; 2. Because said indictment is so vague, indefinite and uncertain that the defendant was embarrassed and misled in his defense; 3. Because the indictment fails to allege the facts and circumstances of the offense charged, and only states a conclusion of law.

As to the first ground: The defendant was convicted under Chapter 3681 Laws of Florida, act of June 13th, 1887, the 9th section of which act provides that " dealers in spirituous, vinous and malt liquors shall pay a license tax of four hundred dollars ($400) in each county for each place of business, * * but neither spirituous, vinous nor malt liquors shall be permitted to be sold unless said license tax is first paid, and a license therefor first taken out * * ;" and the 10th section of the act provides that "any person or persons that shall carry on or conduct any business or profession for which a license is required, without first obtaining such license, shall, except in such cases as are otherwise provided for in this act, be guilty of a misdemeanor, and, upon conviction, shall be punished by a fine of not more than double the amount required for such license * *." The charge in the case at bar is, that the defendant " did, on, &c.," " then and there engage in and manage the business of a dealer in spirituous, vinous and malt liquors without first paying a license tax to the State of Florida, and without first having taken out a license therefor, and for which business a license is required by the law * ." The language used in the indictment is not identical with the words of the statute, but the words used in the indictment

are equivalent to those used in the statute. To engage in means "to embark; to take a part; to employ one's self; to devote attention and effort; to enlist."—Webster's Dictionary. To manage, is defined by Webster to be "to have under control and direction; to conduct; to guide; to administer; to treat; to handle." These definitions of the words used in the indictment substantially mean the same thing as the words "carry on" and "conduct," used in the statute, and for this reason we think the indictment sufficiently sets forth the offence with which the defendant was charged, without charging a sale. Jordan vs. State, 22 Fla., 528; Dansey vs. State, 23 Fla., 316. The defendant was put on full notice of the offence, evidence was introduced to sustain the charge without exception, and we can see no ground for arresting the judgment upon the alleged insufficiency of the indictment. The better pleading, however, is to charge statutory offences in the precise language of the statute.

What we have said in regard to the first ground of the motion in arrest of judgment applies to the remaining grounds of the motion—all the grounds of the motion raising objections as to the sufficiency of the indictment.

The first ground of the motion for new trial is, that the verdict was contrary to the evidence. This objection cannot be sustained because the evidence shows repeated sales of liquors by the defendant, and, in fact, fully sustains the verdict.

The second ground of the motion is, that the court erred in the charge to the jury, viz: " In the county of Columbia to obtain license to sell spirituous liquors in the tenth election district in the county, it was the duty of the defendant to have presented his petition signed by a majority of the registered voters of the tenth election district of Columbia county, to the County Commissioners, and to have obtained

a permit to do so, and then, having obtained said permit, to have presented the same to the officer authorized by law to issue the license, and to have tendered him the amount of money required by law for the license." Now it is argued that in case the local option law of 1883 is not in force in Columbia county, in selling liquors without the license required by law, no crime is committed, because the intent to do the forbidden act must go beyond the mere act itself, it must be criminal, that is, willful. We do not agree with counsel in this proposition. The evidence shows that sales of liquor were made by the defendant without a license authorizing him to make such sales, and in doing so he violated the law, and hence was amenable to its penalties. Ignorance of law is no excuse for the commission of an offence against the law. Counsel for the defendant argues this case as if there had been an election held in the county of Columbia to determine whether or not liquors should be sold in that county; but if such election was held there is nothing in the record to show that fact. As to whether or not such election was held in Columbia county, can have no weight in the decision of this case, for that the defendant carried on the business of a dealer in spirituous, vinous and malt liquors without authority of law, is not disputed. But it is argued that the defendant tendered the money and demanded a permit to sell liquors, &c., and that the officer whose duty it was to grant the permit refused to grant it, and for this reason the defendant, in selling without a license, was not legally liable for such selling; but this is not correct, because it makes no difference whether the defendant offered to pay the money or not, as his authority for selling could only be shown by the proper license. If the defendant was entitled to the permit and license he could have compelled the proper officer to grant them.

This he did not do, but proceeded to sell without authority, and hence laid himself liable to the penalties of the law.

The judgment is affirmed.