# DECISIONS

OF THE

# Supreme Court of Florida.

## JANUARY TERM, A. D. 1903.

ARCHIE McC. BRASS, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. Whether the State Attorney should be required to furnish to the accused a bill of particulars rests largely in the discretion of the trial court. This discretion was not abused by denying such bill in this case.

2. An information charging that the accused unlawfully engaged in and carried on the business of a dealer in liquors need not allege the particular kind of liquor sold.

3. The legislature may prescribe a form of indictment or information to be used in prosecuting for crime, but such form must acquaint the accused with the nature and cause of the accusation against him.

4. An information in the form prescribed in section 8 of Chapter 4930, acts of 1901, charging the accused with carrying on the business of a dealer in liquors need not allege in terms that the liquors were intoxicating.

5. Chapter 4930 of the acts of 1901, providing for the prosecution both of those selling liquor in counties or precincts voting against such sale, and of those selling liquor without license where its sale is permitted, is not unconstitutional as embracing more than one subject of legislation.

6. The statutory provision that "a copy of the record of the result of the canvass of the returns of the election" held under the local option law should "be prima facie evi-

dence that such election was legally called, conducted and holden," makes such copy prima facie evidence that such canvass was had at the time provided by law.

This case was decided by the Court En Banc.

Writ of error to the Circuit Court for Citrus County.

The facts in the case are stated in the opinion of the court.

*Edwin W. Davis*, for Plaintiff in Error.

*William B. Lamar*, Attorney-General, for the State.

MAXWELL, J.

The plaintiff in error was convicted of carrying on the business of a liquor dealer in violation of the local option law.

The information against him, following the statutory form, alleged that he "did on or about the 1st day of December, A. D. 1901, unlawfully engage in and carry on the business of a dealer in liquors in election district number 15 of said county, which said county had voted against the sale of said liquors," etc.

The defendant filed a motion that the State Attorney be required to furnish him with a bill of particulars, accompanying the motion with an affidavit to the effect that the information did not apprise him of the particular offense intended to be proven on the trial, did not inform him to whom the liquor was sold, nor what kind of liquor was sold, and that he did not know, and had

no means of knowing, what offense the State intended to prove. The motion was denied by the court, and this ruling is assigned as error.

The right of a defendant to demand a bill of particulars, and of the court to direct one independent of express statutory authority, is recognized by this court in the case of Thalheim v. State, 38 Fla. 169, 20 South Rep. 938, where the subject is discussed at some length. As said there the object of such bill of particulars is not to cure a defect in the indictment, but to inform the defendant with greater certainty of the precise nature of an accusation properly charged in the indictment. United States v. Tubbs, 94 Fed. Rep. 356, text 360. The rights of a defendant to make this demand will depend then not upon any rigid rule of pleading, but upon the question whether the nature of the case is such that in fairness the defendant should have fuller information of the charge against him than is given by the indictment alone. This may depend largely upon the circumstances of the particular case, and the courts therefore hold that it is a matter of discretion whether such bill shall in any case be required (Thalheim v. State, *supra;* United States v. Tubbs, *supra;* State v. Reno, 41 Kan. 674, 21 Pac. Rep. 803; Commonwealth v. Wood, 4 Gray, 11; State v. Bacon, 41 Vt. 526; State v. Nagle, 14 R. I. 331); and several of them hold that the exercise of this discretion is not the subject of review by an appellate court. We do not follow them in this, but it serves to emphasize the caution which should govern an appellate court in determining whether there has been an abuse of such discretion by the trial court.

In the case at bar we do not find that the court erred

in denying the motion. The crime charged was that of unlawfully carrying on the business of a liquor dealer. It is true that this may be proved by showing a single sale, but it may also be proved by showing a systematic course of trade which would hardly admit of specification in a bill of particulars and certainly would not demand one, and it is the latter phase of the crime which the evidence here tends to show. Moreover, the election adverse to the sale of liquors was held only four months prior to the filing of the information against the defendant, and the range of inquiry was limited to this period rather than to the two years ordinarily open to the State in proving its charges.

The defendant then moved to quash the information. All of those grounds of the motion are based upon the uncertainty of the allegations of the information, except the sixth, are disposed of by the rulings of this court in the cases of Jordan v State, 22 Fla. 528; Dansey v. State, 23 Fla. 316, 2 South. Rep. 692; and Roberts v. State, 26 Fla. 360, 7 South. Rep. 861, where it is held that an indictment for selling liquors without a license, or carrying on the business of a dealer in liquors without a license, need allege neither "the name of a person to whom the liquor was sold or the particular liquor sold, nor that the defendant had a place of business, nor that his place of business was in an election district of a county."

The sixth ground of the motion is "because the said information does not allege that the liquor charged to have been sold was intoxicating liquor." Chapter 4930 of the acts of 1901, under which this information is prosecuted, in section 1 provides that "whoever sells, or

causes to be sold, any spirituous, vinous, malt or other intoxicating liquors in any county or precinct which has voted against the sale of such liquors * * * shall be punished," etc.; and in section 8 prescribes a form of indictment or information to be used in prosecuting offenders thereunder. This form, which was followed in the information before us, alleges that the defendant did "engage in and carry on the business of a dealer in liquors," without other designation of the character of the liquors. The legislature has power to regulate the forms to be pursued in indictments for crime, but can not in exercising this power invade the constitutional right of the accused to "demand the nature and cause of the accusation against 'him." The form prescribed must charge the crime. Reyes v. State, 34 Fla. 181, 15 South. Rep. 875; Brown v. People, 29 Mich. 232; People v. Olmstead, 30 Mich. 431; Noles v. State, 24 Ala. 672; State v. O'Flaherty, 7 Nev. 153; McLaughlin v. State, 45 Ind. 338; Hewitt v. State, 25 Texas, 722.

Does the omission of the word "intoxicating," before the word "liquors," in the form of information provided for by the statute infringe this rule? We think not. The word "liquor" may be used in either of two senses. The first is practically synonymous with "liquid." The second as given in Webster's Dictionary is "2. Specifically, alcoholic or spirituous fluid either distilled or fermented, as brandy, wine, whisky, beer, etc." In common parlance the word is universally understood in the latter sense when used as it is here in speaking of a dealer in liquors. This being true, when the statute first prescribes a penalty for dealing in intoxicating liquors, and then prescribes

a form of indictment to be used in prosecuting for a breach of this law, using therein only the word "liquors," it is beyond cavil that the word is used in the special sense of intoxicating liquors as above defined, and that under such an indictment the sale only of such liquor can be shown.

Under the eighth ground of the motion to quash it is contended that Chapter 4930 of the acts of 1901, under which the charge is prosecuted, is unconstitutional in that it embraces more than one subject matter. The act in question provides for the punishment not only of those selling liquor in counties or precincts voting against such sale, but also of those selling liquor without a license in counties voting for its sale. Upon the authority of Butler v. State, 25 Fla. 347, 6 South. Rep. 67, it is urged that this includes two subjects repugnant and inconsistent, and not properly embraced in a single act. That case holds that the one crime is based upon conditions which exclude the operation of the law proscribing the other offense, and that for this reason the two offenses can not be joined in a single indictment. The law governing the joinder of counts in an indictment we will not examine. The single subject of legislation in the act under consideration is the punishment of the illegal sale of liquor, and both provisions of the statute are embraced within this subject.

The motion to quash was properly denied.

The remaining assignments of error insisted upon here question the sufficiency of the evidence to support the verdict.

The evidence showed the sale of liquor by the defendant in December, 1901. The election to determine

whether liquor should be sold in the county was held on the 29th day of the preceding August. To show *this election and its result the State introduced in evidence a copy of the record of the Board of County Commissioners showing the canvass had of the return of the election. This copy of the record did not show the date of the canvass, and it is contended that in the absence of this it did not appear that the election had become operative at the time of the sale of liquor by the defendant. This canvass of the votes is, under the statute, to be made within six days after the election. Section 7 of Chapter 4930, under which the copy was introduced in evidence, provides that "the introduction of a copy of the record of the result of the canvass of the returns of the election  *  *  *  shall be taken as *prima facie* evidence that said election was legally called, conducted and holden." If, then, the canvass is included within the conducting or holding of the election, the copy of the record of the canvass became *prima facie* evidence that the canvass was had in accordance with the directions of the statute. The Supreme Court of South Carolina in Blake v. Walker, 23 South Carolina, 517, held that "the conduct of an election does not literally include a declaration of the result, but the word 'conducted' in the local option law had a wider meaning and  *  *  *  was intended to embrace also a declaration of the result." The words "conducted and holden" in our statute should receive the same construction. By the provision that the record of the canvass should be evidence of an election legally called, conducted and holden, it was certainly intended that the result of the election, as well as the fact that an election had been had, should

be shown thereby, and this includes the canvass. The presumption from this record, therefore, is that the canvass was held in accordance with law within six days after the 29th day of August, 1901, and that the sale of liquor in the following December was in violation of law. There is nothing in the evidence to rebut this presumption, and the judgment of the court below will be affirmed.