(67 South. 364)

Nos. 20998 and 20999.

STATE v. CRUDUPT.

(Jan. 25, 1915.)

*(Syllabus by the Court.)*

1. INDICTMENT AND INFORMATION ⊙⟶110 — SALE OF INTOXICATING LIQUOR—VALIDITY—LANGUAGE OF STATUTE.

An information charging that the defendant on October 10, 1914, "unlawfully did retail intoxicating liquors without previously obtaining a license therefor from the police jury of the parish of Caddo, or the municipal authorities of any city or town in said parish and state aforesaid," follows substantially the words of the statute, and is therefore sufficient.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 289-294; Dec. Dig. ⊙⟶110.]

2. INDICTMENT AND INFORMATION ⊙⟶196 — PREPARATION FOR TRIAL—BILL OF PARTICULARS—OBJECTION TO DELAY—WAIVER.

The defendant has no ground to complain of tardy furnishing of a bill of particulars by the state after defendant had announced ready for trial, when he did not thereupon move for a postponement of the trial.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 628-635; Dec. Dig. ⊙⟶196.]

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Robert Crudupt was convicted of retailing intoxicating liquors without a license, and appeals. Affirmed.

B. H. Lichtenstein, of Shreveport, for appellant. R. G. Pleasant, Atty. Gen. (Wm. A. Mabry, Dist. Atty., of Shreveport, and G. A. Gondran, of New Orleans, of counsel), for the State.

LAND, J. The defendant in these cases was charged with retailing intoxicating liquors without previously obtaining a license therefor from the police jury of the parish of Caddo or from the municipal authorities of any city or town in said parish.

The defendant was duly tried, convicted, and sentenced in both cases, and has appealed.

We will consider the bills of exception as presented in defendant's brief.

[1] 1. "The first bill of exception was taken to the court's action in overruling a demurrer to all of the evidence on the ground that the information charged no crime known to the law, as there was no allegation of price contained in the information; and, while this information was furnished a few minutes before going to trial, it was not a compliance with the requisites of the law and should have been specifically alleged in the information."

The information charged the offense in the language of the statute (Act No. 66, p. 93, of 1902), and that is all the law requires (see State v. Kuhn, 24 La. Ann. 474; State v. Brown, 41 La. Ann. 771, 6 South. 638).

[2] 2. "The next bill of exceptions was taken to the ruling of the court permitting the arraignment of the defendant upon bills of particulars after the issue was made between the state and defendant by both announcing ready for trial."

Defendant had been previously arraigned and had pleaded not guilty, and the rearraignment to which he refers was wholly unnecessary.

3. "The next bill of exceptions was taken to the ruling of the court permitting the state to file a bill of particulars after the announcement of ready having been made."

Defendant had called for a bill of particulars stating inter alia the price of the whisky alleged to have been sold by him. We cannot conceive how the tardy furnishing of this information by the state, after the defendant had announced ready for trial, without it, could have worked any possible injury to him. Defendant did not ask for a postponement of the trial.

Judgment affirmed.