ABE JACKSON, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

An indictment for a statutory offence may charge the offence in the words of the statute, but when the words used in the indictment are equivalent to the words used in the statute, the judgment will not be arrested upon the ground alleged in the motion to arrest the judgment, that the indictment does not charge an offence under the laws of the State.

Writ of Error to the Circuit Court of Madison County.

The facts of the case are stated in the opinion.

*B. B. Blackwell*, for Plaintiff in Error.

#### BRIEF OF PLAINTIFF IN ERROR.

The plaintiff in error was convicted of "gambling" at the Spring Term of the Circuit Court of Madison County, A. D. 1890, and to reverse the judgment of the court, prosecutes this writ of error and assigns as error the refusal of the Circuit Court to sustain his motion in arrest of judgment. The grounds of the motion in arrest of judgment are as follows:

1. Because the indictment does not charge an offence under the laws of the State of Florida.

2. Because the indictment does not charge the facts and the circumstances of the offence named in said indictment and defined by the statute upon which it is based.

The objection to the indictment is this: Only a conclusion is stated. The facts, the acts of the defendant necessary to constitute a crime must be stated. It is not enough that the indictment is couched in the very words of the statute, but more than the words. The facts and the circumstances of the offence must be stated.

Bishop Crim. Prac., vol. 1, sec. 612, 613 and notes; Cook vs. State, 25 Fla.; Tilly vs. State, 21 Fla., 242; Snowden vs. State, 17 Fla., 389; Humphries vs. State, 17 Fla., 381.

*The Attorney-General* for Defendant in Error.

MITCHELL J.: The plaintiff in error and others were jointly indicted for gambling, and upon being arraigned, Jackson pleaded guilty, and was sentenced to confinement in the county jail for the term of three months.

Motion to arrest the judgment was made, first, because the indictment does not charge an offence under the laws of the State of Florida; second, because the indictment does not charge the facts and circumstances of the offence named in the said indictment and defined by the statute upon which it is based. This motion was overruled and the case comes before this court upon writ of error to the Circuit Court of Madison County. The refusal of the Circuit Judge to arrest the judgment is assigned as error.

The indictment, omitting the formal parts, charges that the defendant and others (naming them) "on the 12th day of April, A. D. 1890, at and in the County, Circuit and State aforesaid, with force and arms in the woods near the town of Ellaville, said County and State, unlawfully then and there played and engaged in a game of cards for money, which said game of cards was then and there a game of chance."

\*      \*      \*      \*      \*      \*      \*      \*

The indictment is under Section 1, Chapter 3764, Act of June 7th, 1887, which is as follows: "If any person, by himself or herself, servant, clerk, agent, or in any other manner, shall have, keep, exercise or maintain a gaming table or room, or gaming implements or apparatus, or house, booth, tent, shelter or other place for the purpose of gaming or gambling, or in any place of which he or she may, directly or indirectly, have charge, control or management, either exclusively or with others, shall procure, suffer or permit any person or persons to play for money or other valuable thing or things,

at any game whatsoever, whether heretofore prohibited or not, or if any person or persons shall play, or engage in any game of cards, keno, roulette, faro or other game of chance, at any place, or by any device whatever, for money or other thing of value, he, she or they, so offending, shall, on conviction, be imprisoned in the county jail not less than three months nor more than one year, or be imprisoned in the State prison not more than three years, at the discretion of the Court."

The indictment is not in the precise language of the statute, and we will remark, that in all statutory offences it is the safer course to follow the language of the statute closely, but the language used in the charging part of the indictment is equivalent to and covers substantially the language of the statute fully, and is for this reason a substantial compliance with the rule which requires statutory offences to be charged in the very language of the statute. I Bishop on Criminal Procedure, Section 612; Humphreys vs. State, 17 Fla., 381; Tilly vs. State, 21 Fla., 242.

Under the indictment the defendant was fully advised as to the offence with which he was charged, and pleaded guilty thereto, and it is now too late for him to take advantage of any mere formal defect in the indictment.

The judgment is affirmed.