John H. Hamilton v. The State of Florida.—Opinion of Court.

---

JOHN H. HAMILTON, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

In an information for an offense prescribed and defined by statute, it is necessary to allege therein all the facts and circumstances which constitute the offense, or the party informed against will not be brought within the provisions of the statute.

Writ of Error to the Circuit Court for Duval county.

The facts in the case are stated in the opinion of the court.

*William H. Harwick* for Plaintiff in Error.

*The Attorney-General* for Defendant in Error.

MABRY, J. :

During the April term, A. D. 1892, of the Criminal Court of Record for Duval county, the following in-

formation (formal parts omitted) was filed in open court against the plaintiff in error, *viz :* "R. M. Call, County Solicitor for the County of Duval, prosecuting for the State of Florida, in the said county, under oath, information makes : That one John H. Hamilton, late of the county of Duval, and State of Florida, on the first day of February, in the year of our Lord one thousand eight hundred and ninety-two, in the county and State aforesaid, did feloniously, wantonly and maliciously shoot into a certain car, the property of the Florida Central and Peninsular Railroad Company, a body corporate under and by virtue of the laws of the State of Florida, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Florida." After arraignment and plea of *not guilty*, the accused was convicted of the offense charged in the information, and sentenced by the judgment of the court to the State penitentiary for three years.

After verdict returned against him, the accused moved to arrest the judgment on the ground that the information alleges no crime known to the laws of Florida. This motion was overruled, and he then filed his motion for a new trial on the following grounds : "1st, the court erred in compelling defendant to accept one M. Hearn as a juror ; 2nd, the court erred in refusing to allow the defendant's counsel to ask the witness, Willie Robinson, 'if this defendant had had a pistol with him, would you have been likely to have

known it ? ; ' 3rd, the court erred in charging the jury
as follows, to-wit :   'The intention is an inference of
law resulting from the act,  but the  intention will not
be implied where the facts of the case rebut the pre-
sumption ;' 4th, the court erred in refusing to charge
the jury as requested by defendant as follows, to-wit :
'1st, it is not proof of guilt merely that the facts are
consistent with guilt, but in order to find the defend-
ant guilty, the facts must be inconsistent with any
reasonable hypothesis of innocence ; 2nd, in order to
find the defendant guilty, you must find from the evi-
dence that the defendant feloniously, wantonly and
maliciously committed the alleged act, and this being
a statutory offense, felonious, wanton and malicious
intent must be specfically proven by evidence, and can
not be presumed from the act ; 3rd, the intention de-
termines the criminality of the act, and when a spe-
cific design is required by statute to constitute the
crime, such specific design enters into the nature of
the act itself and must be alleged and proven beyond
a reasonable doubt ;' 5th, the verdict is contrary to
the evidence and the weight of the evidence ; 6th, the
court erred in the following ruling and order, to-wit :
one of the attorneys for the defendant in commenting
on the evidence, stated to the jury that he should ask
the court to charge the jury that in order to convict
the defendant it will be necessary for the jury to find
that the defendant intended to commit this act ; where-
upon the judge refused to allow the attorney to com-

ment further upon what he intended to ask the court to charge the jury, the said charge having been read by the attorney before he commenced his argument to the court in the hearing of the jury." This motion was also overruled. The case is here by writ of error.

The information is based upon the second section of Chapter 3281 laws of Florida, which is as follows: "That any person who shall wantonly or maliciously throw any missile calculated to produce death or great bodily harm, or shoot at or into any locomotive or car belonging to or being used by any railroad company, he shall upon conviction be punished by imprisonment in the State Penitentiary not less than two and not exceeding ten years."

In Humphreys vs. State, 14 Fla., 381, it was decided that in an indictment for an offense prescribed and defined by statute, it is necessary to allege therein all the facts and circumstances which constitute the offense, or the party indicted will not be brought within the provisions of the statute. Mr. Bishop, in 1 Criminal Procedure, section 519, says: "Every fact which is an element in a *prima facie* case of guilt must be stated; otherwise there will be at least one thing which the accused person is entitled to know, whereof he is not informed. And that he may be certain what each thing is, each must be charged expressly, and nothing left to intendment. All that is to be proved must be alleged." The information

should contain a complete description of such facts as constitute the crime intended to be alleged. Rex vs. Stevens, 5 East, 244; Beasely vs. State, 18 Ala., 535 ; Commonwealth vs. Hampton, 3 Grattan, 590. It is a well recognized rule in criminal pleading, and one repeatedly announced by this court, that where a statute creates an offense and describes its ingredients, not only is it sufficient to charge the offense in the language of the statute, or in language equivalent thereto, but it is necessary that it be so charged. McGahagan vs. State, 17 Fla., 665, and authorities cited. Applying the principles here stated, it is apparent that the information in the case before us is fatally defective. The first section of the statute makes it a misdemeanor for any person to wantonly or maliciously throw any missile at or into locomotive, passenger, express or baggage car while the same is occupied by passengers or employes of the railroad or express company. The second section, the one under which this information is found, makes it a felony for any person to wantonly or maliciously throw any missile calculated to produce death or great bodily harm, or shoot at or into any locomotive or car belonging to or being used by any railroad company. The statute does not specify what shooting is prohibited, but the language of the entire act, and the connection in which the word "shoot" is used, indicate the object of the Legislature. To throw any missile calculated to produce death or great bodily

harm, or shoot at or into any locomotive or car, shows that both, to come within the meaning of the statute, must be such acts as to endanger the lives or safety of those who may be on the locomotive or in the car. We have no doubt that to discharge fire-arms, such as guns, pistols and the like, at or into a car or locomotive, is embraced within the meaning of the statute, but in framing an information for such an act, it is necessary to allege the facts and circumstances which constitute the offense, in order to show that it is within the provisions of the statute. The information in this case fails to do this. The motion in arrest of judgment should have been sustained. As the information is defective, the other questions growing out of the trial are not properly open for our consideration.

It is, therefore ordered that the judgment be reversed and the case remanded with directions that the Criminal Court of Record for Duval county enter an order arresting the judgment, and for such other proceedings as are conformable to law.