MARION BURNHAM, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

An information under our statute (section 2419 Revised Statutes) prescribing a penalty against "whoever speaks of and concerning any woman, married or unmarried, falsely and maliciously, imputing to her a want of chastity," should not only set out the words constituting the oral slander, but should also charge that they were uttered or spoken in the presence of some one; and the better practice would be to set out the names, or some of them of the persons before whom they were uttered or spoken.

Writ of Error to the Circuit Court for Holmes county.

The facts in the case are stated in the opinion of the court.

*Calhoun & Hines*, for Plaintiff in Error.

*The Attorney-General*, for Defendant in Error.

LIDDON, J.:

Section 2419 of the Revised Statutes provides as follows: "Whoever speaks of and concerning any woman, married or unmarried, falsely and maliciously, imputing to her a want of chastity, shall be punished by imprisonment not exceeding one year, or by fine

not exceeding five hundred dollars.'' An information, evidently intended to be brought under this section, was filed against the plaintiff in error. Said information contained two counts. Quitting the formal commencement and conclusion of the information, it charges that the defendant "on the 10th day of July, in the year of our Lord one thousand eight hundred and ninety-four, with force and arms, at and in the county of Holmes aforesaid, then and there being, did then and there speak of and concerning a married woman, to-wit: One Lula Burnham, falsely and maliciously by them and there imputing to her a want of chastity, to-wit: By saying she had sexual intercourse with her brother, Addie Hewett, against the form of the statutes in such cases made and provided, and against the peace and dignity of the State of Florida. And the said State Attorney for the State of Florida, prosecuting for said State, being present in said court, on the second day of November, A. D. 1894, gave the court to be informed and understand that one Marion Burnham, late of the county of Holmes, on the 10th day of July, A. D. 1894, in the county of Holmes, then and there being, did then and there speak of and concerning a married woman, to-wit: One Lula Burnham, falsely and maliciously, by then and there imputing to her a want of chastity, by saying that she had sexual intercourse with her brother, Addie Hewett, prior to her marriage, against the form of the statute in such cases made and provided, to the evil example of all others in like cases offending, and against the peace and dignity of the State of Florida." The defendant moved to quash the information upon the grounds, among others, that it "is vague, indefinite and uncertain.'' This motion being overruled, the de-·

fendant was put upon trial upon the information and convicted, and takes a writ of error.

Several assignments of error are taken and argued, but in view of the conclusion we reach, it is only necessary to refer to one of them, *viz:* The overruling of the motion to quash the information.

One objection urged to the information is, that it does not aver that the alleged defamatory words were spoken to or in the presence of any person, and therefore it is so loose and uncertain that it does not apprise the defendant of the nature of the charge he is called upon to meet, and that a judgment in the case would not protect him from future prosecution for the same offence. Considerable investigation convinces us that authority upon the precise point under consideration is quite meagre. It seems pretty generally settled that in declarations in civil suits, in the absence of statutory regulation, the slanderous words must be alleged to have been spoken in the presence of some person or persons. 13 Am. & Eng. Ency. of Law, 472, and authorities cited in note; Hurd vs. Moore, 2 Oregon, 85; Townshend on Slander and Libel, p. 555. We know of no reason why the same certainty and particularity should not be required in criminal pleading, which ought to be even more definite and certain than pleadings in civil cases. The State of Texas has a statute very similar to ours. The point now under consideration was considered and disposed of in the case of McMahan vs. State, 13 Texas App. 220, cited by counsel for plaintiff in error. There the court held that "an indictment for slander, by falsely and maliciously, or falsely and wantonly, imputing to a female a want of chastity, should not only set out the words constituting the oral slander, but should also charge

that they were uttered or spoken in the presence of some one; and the better practice would be to set out the names, or some of them, of the persons before whom they were uttered or spoken." Article 645 of the Texas Penal Code, under which the indictment was found, reads as follows: "If any person shall orally or otherwise falsely and maliciously, or falsely and wantonly impute to any female in this State, married or unmarried, a want of chastity, he shall be deemed guilty of slander," etc. In the body of the opinion the court say: "According to all precedent the indictment or information for slander should allege that the slanderous words were uttered or spoken in the presence of some one. Without proof that they were so uttered or spoken, we imagine it would hardly be possible, in a charge of oral slander, to make out and establish the crime. * * * Approved precedents and forms contain the allegation that the scandalous or seditious words were uttered, pronounced, declared or spoken 'in presence and hearing of divers good citizens.' * * * We are further of opinion that the better practice would be for the pleader, under Article 645, to set out the name or names of the parties, or some of them, in whose presence or hearing the words were spoken. It would certainly render the charge more certain and specific, and enable the defendant the more readily to plead whatever judgment might be rendered in bar of any subsequent prosecution for the same offense." We adopt the views above quoted from the Texas court. A case also similar in some of its respects is People vs. Stark, 136 N. Y. 538, 32 N. E. Rep. 1046.

The judgment is reversed, with directions that the information be quashed, and that such further proceedings be had as may be consistent with law and this opinion.