R. B. STUTTS, PLAINTIFF IN ERROR, v. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. An allegation in an indictment that the defendant "did falsely and maliciously impute a want of chastity to one E. B., an unmarried woman, by then and there in the presence of and in the hearing of one A. P., falsely and maliciously *saying* of and concerning her," &c., is sufficient under section 2419, of the Revised Statutes, which provides that "whoever speaks of and concerning any woman," &c., since the word "saying" used in connection with the words "in the presence of and in the hearing of" in the indictment is equivalent to the word "speaking" under the statute.

2. In charging the offense of defamation defined in Section 2419 of the Revised Statutes of 1892, it is not necessary to allege that the false and malicious imputation of a want of chastity in a woman was made in the hearing or presence of more than one person, or that it was repeated to a third person.

3. Where an offense is charged in language substantially the same, or of the same import, as that required by the statute, it is sufficient, if it acquaints the accused with "the nature and cause of the accusation against him" as required by the constitution.

4. In a criminal charge of defamation where there is ample testimony that the defamatory language was used as alleged, and the testimony warranted the jury in finding that such language was false and without any justification or excuse, malice could be inferred.

This case was decided by Division A.

Writ of Error to the Circuit Court for Calhoun County.

The facts in the case are stated in the Opinion of the Court.

*Robt. J. Boone,* for Plaintiff in Error.

*W. H. Ellis,* Attorney General, for the State.

WHITFIELD, J: This writ of error was taken to a judgment of conviction in the Circuit Court for Calhoun county upon an indictment charging that R. B. Stutts in Calhoun county on December 7th, 1904, "did falsely and maliciously impute a want of chastity to one Eulalie Benton, an unmarried woman, by then and there in the presence of and in the hearing of one Asa Poston, falsely and maliciously saying of and concerning her, the said Eulalie Benton, that she, the said Eulalie Benton, was nothing more than a common prostitute, and that she, the said Eulalie Benton, had given birth to a bastard child."

The errors assigned are the denial of the motion to quash the indictment and the refusal to grant a new trial.

It is urged that the indictment is fatally defective because the word "saying" is used instead of the word "speaking," and because it is not alleged that the imputation of want of chastity was made in the presence and hearing of more than one person or that the person in whose presence the imputation of a want of chastity was made had repeated it to a third person.

Section 1 of Chapter 3460 acts of 1883 as brought forward in the Revised Statutes of 1892, is as follows: "2419. Defamation.—Whoever speaks of and concerning any woman, married or unmarried, falsely and maliciously, imputing to her a want of chastity, shall be punished by imprisonment not exceeding one year, or by fine not exceeding five hundred dollars."

The charge is that the accused committed the defamation or the imputation of a want of chastity "by then and there in the presence of and in the hearing of one Asa Poston, falsely and maliciously saying of and concerning her the said Eulalie Benton," etc.

The word "saying" used in connection with the words "in the presence of and in the hearing of one Asa Poston" means the same as "speaking."

The statute does not require that the false and malicious imputation of a want of chastity in a woman shall be in the hearing or presence of more than one person or that it shall be repeated to a third person to constitute the offense. The indictment is in language substantially the same or of the same import as that required by the statute and is sufficient, since it fully acquaints the accused with "the nature and cause of the accusation against him as required by the constitution. Jackson vs. State, 26 Fla. 510, 7 South. Rep. 862; Roberts vs. State, 26 Fla. 360, 7 South. Rep. 861; Burnham vs. State, 37 Fla. 327, 20 South, Rep. 548; Brass vs. State, 45 Fla. 1, 34 South. Rep. 307; Reyes vs. State, 34 Fla. 181, 15 South. Rep. 875.

The only other contention is that no malice was proven. There is ample testimony that the accused imputed a want of chastity to the named woman, and the testimony warranted the jury in finding that such imputation was falsely made without any justification or excuse, from which malice could be inferred.

The judgment is affirmed.

Shackleford, C. J. and Cockrell, J., concur;

Taylor, Hocker and Parkhill, JJ., concur in the opinion.