HENRY THOMAS, ALIAS KID HENRY, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Where the statute makes it an offense to shoot at or into any railroad car "which is being used or occupied by any person or persons," judgment will be arrested when the information fails to allege that the car was being used or occupied by any person or persons.

This case was decided by the court En Banc.

Writ of Error to the Criminal Court of Record, Walton County.

The facts in the case are stated in the opinion of the court.

*W. A. T. Bludworth,* for Plaintiff in Error.

*Park Trammell,* Attorney General, for the State.

PARKHILL, J.—In the criminal court of record for Walton county, the plaintiff in error was informed against for a violation of section 3628 of the General Statutes of 1906 by wantonly and maliciously shooting into a certain railroad car.

The defendant was tried and convicted, and then moved in arrest of judgment upon the ground that the information does not allege that the railroad car was being used or occupied by any person or persons. This motion was denied, and upon writ of error it is urged that the court erred therein.

This question has been disposed of in the case of Hamilton v. State, 30 Fla. 229, 11 South. Rep. 523. As there pointed out, it is a well recognized rule in criminal pleading that where a statute creates an offense and describes its ingredients, not only is it sufficient to charge the offense in the language of the statute, or in language equivalent thereto, but it is necessary that it be so charged.

"Every fact," as Mr. Bishop says, in 1 Cr. Proc. Par. 519, "which is an element in a *prima facie* case of guilt must be stated; otherwise there will be at least one thing which the accused is entitled to know, whereof he is not informed. And that he may be certain what each thing is, each must be charged expressly, and nothing left to intendment.

All that is to be proved must be alleged."

The statute makes it an offense to wantonly and maliciously shoot at or into any railroad car "which is being used or occupied by any person or persons." The information fails to allege that the car was "being used or occupied by any person or persons." In Hamilton v. State, *supra,* the information failed to do this, and the court said that the motion in arrest of judgment should have been sustained. As there indicated, the shooting must be such as to endanger the lives or safety of those who may be in or using the car.

The information is fatally defective and the judgment will be reversed.

All concur, except HOCKER, J., absent.