E. J. D. SUTTON, *Plaintiff in Error, v.* THE STATE OF FLORIDA, *Defendant in Error.*

1. Where the defendant is charged with the statutory offense of wantonly and maliciously shooting at or into an occupied house, testimony as to whether persons in the house were struck by the shots fired into the house is admissible, even though it relates to a distinct crime, since such testimony is relevant to the issue being tried and it may be material.

2. In a prosecution for wantonly and maliciously shooting into an occupied house, testimony that a person who was with the accused at the time was struck by shots fired from the house and that persons in the house were drinking whiskey, is not material to the issue being tried.

3. In a prosecution for maliciously shooting into a house, testimony as to the circumstances but not the merits of a previous difficulty between the defendant and a party in the house may be material and relevant in showing a motive for the offense charged.

Appealed from the Circuit Court for Calhoun County.

The facts in the case are stated in the opinion of the court.

*Paul Carter,* for Plaintiff in Error;

*Park Trammell,* Attorney General and *C. O. Andrews,* for the State.

WHITFIELD, C. J.—This writ of error was taken to a conviction for the statutory offense of wantonly and maliciously shooting at or into an occupied house.

The trial court did not err in permitting a witness to testify that persons were struck by shots fired into the house at the time of the offense charged, since proof of any fact with its circumstances, even though amounting to a distinct crime, if it has some relevant bearing upon the issue being tried, is admissible against an objection that it is immaterial. Wallace v. State 41 Fla. 547, 26 South. Rep. 713.

There was no error in excluding the testimony of a witness who was with the accused as his wife at the time the alleged offense was committed, that she was struck by shots fired from the house into which the accused shot, as such testimony had no material bearing on the guilt or innocence of the accused under the charge and the testimony of the witnesses. The same rule is applicable to the exclusion of evidence that the persons in the house

into which the accused shot were drinking whiskey. Such evidence was immaterial to the issue being tried.

No error was committed in refusing to strike testimony of a witness who was in the house shot into, stating the circumstances but not the merits of a difficulty he had with the accused shortly prior to the time the house was shot into by the accused. The circumstances of the previous difficulty tended to show the motive of the accused in committing the act charged against him.

The judgment is affirmed.

TAYLOR, SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.