J. H. TAYLOR, *Plaintiff in Error*, v. THE STATE OF FLORIDA,
*Defendant in Error.*

Opinion Filed February 11, 1914.

1. An information charging that the defendant did wantonly
   and maliciously shoot at and into a certain dwelling house,
   to-wit: the dwelling house of one E. which was then and
   there being used and occupied, is sufficient under the statute
   defining the offense of wantonly and maliciously shooting
   into a dwelling which is being used or occupied.

2. The evidence sustains the verdict.

3. Where an erronous sentence is imposed the judgment may
   be reversed for a proper sentence.

Writ of Error to Criminal Court of Record for Duval
County; J. Turner Butler, Judge.

Judgment reversed.

*F. D. Brennan,* for Plaintiff in Error.

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

WHITFIELD, J.—The information herein alleges that J.
H. Taylor did "wantonly and maliciously shoot at and
into a certain dwelling house, to-wit.: the dwelling house
of one Essie Reese, which was then and there being used
and occupied." A motion was made and denied to quash
the information on the grounds that it does not allege
that the dwelling was occupied by any person or persons,
and does not allege the name of any occupant of the
dwelling. Upon conviction the defendant below made a

motion in arrest of judgment upon practically the same grounds. This motion and a motion for new trial were denied. A writ of error was taken to the sentence imposed.

The statute defining the crime is: "Whoever wantonly or maliciously shoots at or into    *    *    *    any dwelling or any other house which is being used or occupied    *    * shall be punished by imprisonment in the State prison not more than ten years, or by fine not more than five thousand dollars." Sec. 3628 Gen. Stats. of 1906; Sutton v. State, 64 Fla. 150, 59 South. Rep. 893.

Fairly considered the information in its meaning and legal effect plainly and sufficiently charges that defendant did wantonly and maliciously shoot at and into a dwelling house of a named person, which dwelling house was then and there used and occupied as a dwelling house. The statute is designed to protect persons who are in dwelling houses, and the allegation that the dwelling house was "then and there being used and occupied," can only mean that persons were then and there using and occupying the dwelling house. The information is sufficient as a charge of the statutory offense; and as framed the information sufficiently states "the nature and cause of the accusation against" the defendant, and could not "mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense." Secs. 11 and 12 Bill of Rights; Secs. 3961, 3962 Gen. Stats. of 1906; Johnson v. State, 58 Fla. 68, 50 South. Rep. 529; Mills v. State, 58 Fla. 74, 51 South. Rep. 278; Stutts v. State, 52 Fla. 110, 42 South. Rep. 51; Roberts v. State, 26 Fla. 360, 7 South. Rep. 861; Jackson v. State, 26 Fla. 510, 7 South. Rep. 862. There was no error in denying the motions to quash and in arrest of

judgment in. this case. In Hamilton v. State, 30 Fla. 229, 11 South. Rep. 523, and Thomas v. State, 58 Fla., 120, 50 South. Rep. 954, the defendant was charged with shooting into a railroad car and there was no allegation that the car was being used or occupied by any person or persons, an essential element of the statutory offense being thereby omitted.

As there is ample evidence from which the jury could find that the defendant wantonly and maliciously shot at and into a dwelling house in which there were persons, the verdict is not contrary to the law or to the evidence. The verdict will not be disturbed, but the sentence does not conform to the statute. See Thompson v. State, 52 Fla. 113, 41 South. Rep. 899; Enson v. State, 58 Fla. 37, 50 South. Rep: 948. The sentence is that the defendant "do pay the State of Florida the sum of $650.00 and costs, and in default of the payment of said sum and costs, you be taken by the sheriff * * * to the State's prison * * * and there be confined * * * for a period of twelve months."

Section 4011 of the General Statutes provides: "Whenever any court or judge shall, under the criminal laws of this State, sentence and adjudge a person to pay a fine, or a fine and costs of prosecution, such court or judge shall also provide in such a sentence a period of time for which such person shall be imprisoned in the county jail in default of payment of the same."

The judgment is reversed and the cause is remanded for the entry of a proper judgment upon the verdict.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.