GEORGE W. COBB, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed August 15th, 1921.

## CRIMINAL LAW—INFORMATION CHARGING CRIME SUBSTANTIALLY IN LANGUAGE OF STATUTE — EVIDENCE — MARRIAGE CERTIFICATE.

1. An information that charges that the defendant "did live in a state of open adultery" is sufficient, though the statute denouncing the crime, uses the language "living in an open state of adultery."

2. In a trial for crime, a paper purporting on its face to have been issued in another State, and to have been signed by a deputy clerk of the municipality of New York, that has no seal of any court or office, and is not authenticated in any manner, and there is nothing to identify the authenticity or genuineness of the paper as being *bona fide* what it purports to be on its face, is not admissible in evidence to prove a marriage of the defendant.

A Writ of Error to the Criminal Court of Record for Dade County; Thomas B. Norfleet, Judge.

Reversed.

*Riley & Trammell,* for Plaintiff in Error;

*Rivers H. Buford,* Attorney General, and *Marvin C. McIntosh,* Assistant, for the State.

TAYLOR, J.—The plaintiff in error hereinafter referred to as the defendant, upon an information filed against him

in the Criminal Court of Record of Dade County, was tried, convicted and sentenced for the crime of living in an open state of adultery, and, by writ of error, brings this judgment here for review.

The first assignment of Error complains of the denial of the defendant's motion to quash the information on the ground that it does not charge the offense in the language of the statute. The particulars of this complaint against the information are that it charges that the defendants "did live in a state of open adultery," while the statute denounces the living in an "open state of adultery." There was no error in this ruling.

Our statute, Sec. 6063, Revised General Statutes of 1920, provides in substance that when an indictment charges a crime substantially in the language of the statute, it should be deemed and held to be good. Tilly v. State, 21 Fla. 242; Schley v. State, 48 Fla. 53, 37 South. Rep. 518; Dickens v. State, 50 Fla. 17, 38 South. Rep. 909; Barber v. State, 52 Fla. 5, 42 South. Rep. 86; Stutts v. State, 52 Fla. 110, 42 South. Rep. 51; Mills v. State, 58 Fla. 74, 51 South. Rep. 278.

The expression: "Open state of adultery" and "state of open adultery," mean substantially the same thing, and the information, notwithstanding the inaccurate placement of the word "open" therein must be held to be good.

We now pass over other minor assignments of error, as being of no merit, and take up the 4th assignment that complains of the ruling of the Court admitting over objection of defendant the following paper produced by the prosecuting witness:

"No. 29666                                                            18862

"The City of New York.
   Office of City Clerk
      Municipal Building Manhattan

Certificate of Marriage.

"I, John R. Dalton, Deputy City Clerk, Bor. of Richmond, Deputy City Clerk, duly designated by the Clerk of the City of New York to solemnize marriages, do hereby certify that I did on this 30th day of June in the year A. D. 1919, at the office of the City Clerk, in the Borough of Manhattan, City of New York, State of New York, solemnize the rights of matrimony between George W. Cobb of Manhattan in the County of New York, State of New York, and Cora A. Conrad of Miami, in the County of ——————, State of Fla., in the presence of Joseph F. Curran and W. H. Edwards as witness.

Witness my hand at the office of the City Clerk, Borough of Manhattan, City of New York, State of New York, 30th day of June, A. D. 1919.

JOHN R. DALTON,
Deputy City Clerk of the City of New York, Borough of Manhattan."

We think the trial court erred in admitting this paper in evidence, because of a toal lack of proof of its authenticity. It is not even dignified by an official seal of any court or officer. It recites that the person signing it is a Deputy Clerk of the City of New York, who has been deputized by the Clerk to solemnize marriages, but there is nothing outside of the assertions of the paper itself as to

whether he was in fact such Deputy Clerk, or whether the Clerk himself had authority to solemnize marriages, or whether if he had such authority he had the legal power to delegate such authority to his deputy. There is nothing to show that such paper emanated from any Court of Record where records of marriages were kept. In short, there is nothing to identify the authenticity or even the genuineness of the paper as being *bona fide* what it purports to be on its face. Eames v. Woodson, 120 L. A. 1031, 46 South. Rep. 13. For anything shown to the contrary it may be altogether false and spurious. The admission of this paper was materially vital to the case as it tended to prove that the defendant was a lawfully married man, which fact it was necessary to establish in order to his conviction of the crime charged, and it was, therefore, reversible error to admit it in evidence.

For the error found the judgment of the court below in said cause is hereby reversed at the cost of Dade County.

BROWNE, C. J., AND WHITFIELD, ELLIS AND WEST, J. J., concur.