ARNOLD JORDAN, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. A motion in arrest of judgment is only available to reach errors which are apparent upon the record.

2. When an indictment contains good and bad counts, and there is a general verdict of guilty rendered upon the whole, a judgment and sentence will be sustained if the indictment contains one count in which the offence is adequately set forth.

3. The order and method for the submission of testimony to a jury is in the sound discretion of the presiding judge, and a new trial will not be granted because the judge permitted further testimony to be introduced after the evidence had been closed on both sides and argument of counsel had commenced, unless it be shown that the prisoner was prejudiced thereby in some other way than by its mere irregularity.

4. Under chap. 3413 and chap. 3416, Acts 1883, a single act of selling spirituous, vinous or malt liquor without having first obtained a license, is violation of the law.

5. When a person is charged in an indictment with unlawfully carrying on the business of a dealer in spirituous liquors for which a State license is required by law without first having obtained

such license it is unnecessary to state the names of persons to whom sales were made.

6. An expression of opinion by a juror during a recess of the court, and while the trial was pending, as to the guilt of the prisoner, while reprehensible conduct, is not a sufficient cause to set aside the verdict unless it appear from such expression that such juror had a previous opinion, irrespective of that derived from the evidence submitted.

Writ of Error to the Circuit Court for Escambia county.

MR. JUSTICE RANEY did not sit in this case.

The facts of the case are stated in the opinion.

*R. B. Hilton* for Plaintiff in Error.

*The Attorney-General* for Defendant in Error.

THE CHIEF JUSTICE delivered the opinion of the court:

The prisoner, Arnold Jordan, was indicted in the Circuit Court of Leon county for selling spirituous liquors without a license. The indictment contains two counts. The first count alleges that the prisoner unlawfully carried on the business of a dealer in spirituous liquors, for which a license is required, without first procuring such license.

The second count alleges that the prisoner did unlawfully sell intoxicating liquor, to wit: Whiskey without having obtained a license therefor.

The defendant pleaded not guilty.

He was convicted of the offence and his counsel filed a motion in arrest of judgment, and also a motion for a new trial, both of which motions were overruled.

The grounds set forth in the record for an arrest of the judgment are—

1st. That the second count sets forth no offence known to the laws of Florida.

34

2d. That there was no proof to show that the defendant was a dealer in spirituous liquors.

3d. That there is no offence known to the laws of Florida in either court.

4th. That the said indictment fails to set forth in either count the names of the persons to whom the defendant sold spirituous liquors.

The second ground alleged, to wit: that there was no proof to show that the defendant was a dealer in spirituous liquors, cannot be considered by this court or by the Circuit Court on a motion to arrest the judgment. Such a motion reaches nothing but errors that are apparent upon the record. Sedgwick vs. Dawkins, 18 Fla., 335; McClerkin vs. State, 20 Fla., 879 ; Hyer vs. Vaughn, 18 Fla., 647.

The only objection to the first count is that the names of the persons to whom sales were made are not set forth. Bishop on Statutory Crimes, sec. 1037, says : "Where the charge is being a common seller, no names of persons to whom sales are made need be set out, for in this offence not even instances of sale are required to be set out." We apprehend the same rule prevails where the charge is against a defendant as a " dealer "—a common seller and a dealer being virtually the same. We think the first count was good. This conclusion makes it unnecessary for us to consider the objections to the second count.

Where the indictment contains good and bad counts and there is a general verdict of guilty rendered upon the whole, a judgment and sentence, for so much of crime as the indictment adequately sets out, will be sustained. Bishop's Criminal Procedure, sec. 1051, vol. 1.

The defendant also moved the court for a new trial on the ground—first, that after the testimony both for the State and the prisoner had been closed and prisoner's counsel had commenced his argument, the counsel for the State

was permitted by the court over the objection of the defendant to introduce further evidence. We do not think this is a sufficient cause for granting a new trial. The manner of the submission of testimony to the jury is a matter in the sound discretion of the court and cannot be complained of unless it was in some way shown to have precluded the defendant from having a fair and impartial trial. This is not shown by the statement that its irregularity consisted only in its submission out of the usual order of its procedure before argument, the prisoner not being deprived of his right to introduce evidence in rebuttal of it nor his counsel from commenting on its effect to the jury.

The next ground for a new trial set up by the defendant is that the court erred in charging the jury as follows: "If you believe that any of the parties giving evidence swear to the truth in saying that the defendant sold whiskey to him, not having a license, you will find him guilty." The only objection made to this charge, and consequently the only one we consider, is, that a single act of selling whiskey without a license is not a violation of our revenue law.

We are of the opinion that under our statutes the charge was proper. Chapter 3413 defines a dealer in liquors to be one "who shall sell spirituous, vinous or malt liquor;" and chap. 3416 provides that it shall be unlawful for any person to sell any intoxicating liquors, wines or beer, and that any person who violates the provisions of this chapter shall be amenable to the penalties prescribed for selling liquor without license.

The next ground for a new trial is that during a recess of the court, and while the trial was pending and before all the evidence had been submitted, a juror in the presence of several persons used the following language: "Fisher gained Anthony Johnson's case yesterday but I will be

damned if he gains this one," meaning the one then on trial, the said Fisher having been a witness for the said Anthony Johnson on his trial the day before and having also been a witness who had testified on behalf of the defendant on that day.

The record shows that the recess was ordered by the court for the purpose of proving by the Tax Collector of Leon county that the prisoner had not procured a license to sell liquor. Proffatt on Jury Trials, sec. 388, lays down the rule as to expressions of opinion by jurors pending the trial, as follows: "It will not, however, in every case, be a sufficient ground for setting aside the verdict, unless the expression be such as to unmistakably indicate a previous opinion, irrespective of that derived from the evidence."

Measured by this standard there is nothing in the language of the juror to indicate that there was in his mind a conviction of the guilt of the prisoner previous to his entering the jury box, or that his expression was not based on the evidence he had heard, nor can we say for the same reason that it showed a preconceived prejudice against the prisoner. Such conduct on the part of a juror is improper and deserved severe reprehension from the court, but it is not sufficient cause to justify us in setting aside the verdict.

The judgment is affirmed.