608 So.2d 85 (1992)
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Petitioner,
v.
W. Mark TUCKER, Respondent.
No. 92-02000.
District Court of Appeal of Florida, Second District.
October 23, 1992.
Rehearing Denied November 19, 1992.
*86 George A. Vaka of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for petitioner.
David A. Maney of Maney, Damsker & Arledge, P.A., Tampa, for respondent.
SCHOONOVER, Judge.
The petitioner, Nationwide Mutual Fire Insurance Company (Nationwide), has filed a petition requesting this court to issue a common law writ of certiorari quashing an order which granted the respondent's, W. Mark Tucker, motion to conduct a post trial interview of the jurors who considered the case between the parties. We have jurisdiction to entertain this petition and after considering it, we agree with the petitioner and quash the order being reviewed. Art. V, § 4(b)(3), Fla. Const.
Mr. Tucker filed an action against Nationwide seeking uninsured motorists benefits he claimed he was entitled to as the result of an automobile accident. The action proceeded to a jury trial, and the jury returned a verdict in favor of Mr. Tucker.
Following the jury verdict, the trial judge requested the jury to meet with him for the purpose of discussing jury service. At this meeting, which was held in the judge's chambers, the judge asked the jurors to complete a jury questionnaire that had been provided to the court by someone other than the parties to the action. The jurors voluntarily completed the questionnaires which were subsequently made available to the parties' attorneys.
Based upon the completed questionnaires, Mr. Tucker filed a timely verified motion for a new trial and for a post trial interview of jurors. In addition to setting forth grounds for a new trial that are not pertinent to the question presented to us, Mr. Tucker alleged that he was entitled to a new trial because of juror misconduct. He alleged that the answers to the jury questionnaires indicated that two jurors had failed to follow the instruction of the court that they should not form or express any opinion until they had received all of the evidence, the arguments of the attorneys and the instructions of law. The questionnaires indicated that one juror had personally decided what his verdict would be after the defendant's case, and the other juror decided what his verdict would be after closing statements. The completed questionnaires were attached to the motion. The motion concluded with a request for a new trial or for a post trial interview to confirm that the attached questionnaires were the responses given by the jury immediately following the verdict. The motion then stated that this would only be necessary if defense counsel indicated a legitimate concern over whether the attached questionnaires were the ones completed by the jury.
At the conclusion of the hearing on the motion, the court, not the same judge who had conducted the trial or distributed the questionnaires, granted the motion for a post trial interview and reserved ruling on the motion for a new trial. Although the court granted the motion to interview, he reserved ruling as to the place, manner, conditions, and scope of the interview. Nationwide then filed this timely petition for certiorari.
In this case, Mr. Tucker filed a motion to conduct a post trial jury interview based upon information received in a prior post trial interview (the questionnaires). Since the motion to grant a second interview is grounded upon the results of the first interview, we will briefly discuss the first interview.
We recognize that from time to time a trial judge may conduct an informal conference with a jury after the jury has been discharged. These conferences are held with the hope of developing a better understanding of those factors which may play a part in the actions of the jury and to help make the juror's service less burdensome and more enjoyable. These conferences, however, may not be used to delve into the factual basis for the jury's decision, or to furnish a basis for a new trial, or to cause the jury to alter its verdict. Fitzell v. Rama Industries, Inc. 416 So.2d 1246 (Fla. 4th DCA 1982). When a judge conducts such a conference he is acting at his peril since he may learn of factors *87 which influenced the jury's verdict and which may be material to post trial motions. Fitzell, 416 So.2d at 1247. By having the jury answer the questionnaires in this case, the judge acted at his peril and although the answers, for the reasons hereinafter discussed, did not furnish the basis for a jury interview, they were material to post trial motions. Although answers to other questions contained in the questionnaire will be discussed in dealing with the motion before us, they will be considered only because they are part of the record on appeal and not because we have determined that they are proper questions to ask a juror at a conference with the court.
Turning to the motion for a post trial interview of jurors which is the subject of this petition, we, for several reasons, hold that the answers to the first interview did not establish a sufficient basis for a second interview.
First, Mr. Tucker contended that another interview was necessary only if Nationwide indicated a legitimate concern over whether the questionnaires attached to his motion were the ones completed by the jury or whether there was any doubt in the judge's mind that these were the ones returned to him by the jury. Since Nationwide does not contest the source of the questionnaires and the court found in its order that the questionnaires pertained to this case, the reasons asserted for the granting of the interview no longer existed at the time the motion was granted.
Next, the record does not clearly establish that the two jurors committed misconduct by not following the court's instructions. Even though juror misconduct may be a proper basis for a juror interview, there is a strong public policy against jury interviews. The policy is essential to the jury system and to protect jurors from undue harassment. We held in Cummings v. Sine, 404 So.2d 147 (Fla. 2d DCA 1981), that courts have traditionally been reluctant to allow jurors to be questioned concerning jury verdicts. An interview of jurors is proper only in those limited situations involving matters extrinsic to the verdict, such as arrival at the verdict by lot or quotient, improper contact with a juror, or misconduct of a juror. See also Phares v. Froehlich, 582 So.2d 683 (Fla. 2d DCA 1991); Velsor v. Allstate Insurance Co., 329 So.2d 391 (Fla. 2d DCA 1976), cert. dismissed, 336 So.2d 1179 (Fla. 1976). Furthermore, interviews which inquire into the individual thought processes, calculations, motives, or influences of a juror are prohibited. This is true even where there is some evidence on the face of the verdict that the jury failed to follow the court's instructions. See Velsor, 329 So.2d at 392.
A review of the record presented to us, including the completed questionnaires of the entire jury, indicates that it would be necessary to inquire into the thought processes of the two jurors in question to determine if they committed misconduct by not following the judge's instruction to not form or express an opinion until they heard all the evidence, the arguments of the attorneys and the instructions on the law.[1]
Two jurors indicated in the answer to one question that they had decided their personal verdict before being instructed on the law. Standing alone this indicates that the jurors did not follow the judge's instructions. There is, however, more evidence contained within the questionnaires indicating that they did follow the instructions. The answers to the questionnaires indicate that all of the jurors, including the two in question, stated that they understood the judge's instructions and that the jury followed those instructions. The two jurors in question also stated that closing arguments and the judge's instructions on the law were important factors that influenced their personal verdicts; one of those jurors stating it was the most important factor. *88 With this conflicting evidence it would be necessary, as mentioned above, to inquire into the individual thought processes, calculations, or judgments of the jurors in order to resolve the issue. This would be impermissible. See Cummings, 404 So.2d at 148.
Last, even assuming that the questionnaires established misconduct, as found by the trial court, and an interview would not have to delve into matters inherent in the verdict to make that determination, the misconduct itself would not entitle Mr. Tucker to another interview.
An inquiry is not permitted unless the moving party has made sworn factual allegations that, if true, would require a trial court to order a new trial using the standard adopted in State v. Hamilton, 574 So.2d 124 (Fla. 1991), and Baptist Hospital of Miami, Inc. v. Maler, 579 So.2d 97 (Fla. 1991). Under the Hamilton standard, the moving party must first establish actual juror misconduct. The movant is entitled to a new trial unless the opposing party can demonstrate that there is no reasonable possibility that the juror misconduct affected the verdict. Hamilton, 574 So.2d at 129. Although certain acts, for example, private communications, contact, indirect or direct tampering with a jury, raise a presumption of prejudice, Remmer v. United States, 347 U.S. 227, 229, 74 S.Ct. 450, 451, 98 L.Ed. 654 (1954), not all misconduct raises the presumption. If the misconduct is such that it would probably influence the jury, and the evidence in the cause is conflicting, the onus is not on the accused to show he was prejudiced, for the law presumes he was. Not all misconduct, however, will vitiate a verdict even though that conduct is improper. It is necessary to show that prejudice resulted or that the misconduct was of such character as to raise a presumption of prejudice. Amazon v. State, 487 So.2d 8 (Fla. 1986); see also Russ v. State, 95 So.2d 594 (Fla. 1957). In other words, potentially harmful misconduct is presumptively prejudicial, but the defendant has the initial burden of establishing a prima facie case that the conduct is potentially prejudicial. Amazon, 487 So.2d at 11-12. Mr. Tucker did not carry this burden.
If we were to only consider the questionable answers to the questionnaire, it would appear that two jurors reached a verdict prior to receiving instructions on the law, but after they had heard all of the evidence.[2] This in itself does not establish a prima facie case that the conduct was potentially prejudicial or require a new trial. In Jordan v. State, 22 Fla. 528 (Fla. 1886), a juror expressed an opinion prior to the close of the evidence. The Jordan court said that an expression of an opinion by a juror during trial is not in every case a sufficient ground for setting aside a verdict, unless the expression be such as to unmistakably indicate a previous opinion, irrespective of that derived from the evidence. The court stated that there was nothing in the language of the juror to indicate that there was in his mind a conviction concerning the case previous to his entering the jury box, or that his expression was not based on the evidence he had heard, or that it showed a preconceived prejudice. The court concluded by finding that the conduct, though improper, was not sufficient to set aside the verdict. We agree with the Jordan decision, cited in Amazon, and we find that the two statements in the jury questionnaire did not establish a reasonable possibility of affecting the verdict. There was nothing in the jurors' statements indicating that they had a conviction concerning the case prior to entering the jury box, or that their opinions were not based on the evidence they had heard, or that they had a preconceived prejudice. Jordan, 22 Fla. at 532; Amazon, 487 So.2d at 12, see also U.S. v. Spurlock, 811 F.2d 1461 (U.S.C.A. 11th Circuit 1987). Therefore, since the allegations of the motion would not constitute sufficient grounds to support a new trial, the court erred in granting a post trial interview.
Accordingly, we quash the order granting a post trial interview of the jurors and *89 remand for consideration of Mr. Tucker's motion for new trial on the other grounds contained in the motion.
CAMPBELL, A.C.J., and HALL, J., concur.
NOTES
[1] From the limited excerpts presented to us we note that, in addition to this proper instruction, at one time the trial judge informed the prospective jury that the case must be decided upon the evidence presented during the trial. Additionally, during voir dire, Mr. Tucker's attorney asked the jurors, "Do each of you believe that if you're selected as a juror in this case, you will decide this case based on the unique facts of this particular case, each of you assure us of that?" Counsel did not mention the instructions on the law.
[2] In Gonzalez v. State, 511 So.2d 700 (Fla. 3d DCA 1987), the jury formed and expressed an opinion about the law during the course of the trial.