627 So.2d 1267 (1993)
RAY COOKE ENTERPRISES, INC., and Frank S. Turnier, Appellants,
v.
Christopher Robert PARSONS, Appellee.
No. 93-2436.
District Court of Appeal of Florida, Fourth District.
December 8, 1993.
*1268 Thomas A. Berger of Flanagan & Maniotis, P.A., West Palm Beach, for appellants.
Robert J. McFann of McFann, Beavers & Kaplan, P.A., Fort Lauderdale, for appellee.
GUNTHER, Judge.
Defendants in a personal injury jury trial appeal the trial court's order granting the plaintiff's post-judgment motion to interview the jury foreperson. We reverse.
Plaintiff requested an informal interview on the basis that the jury misunderstood the jury instructions and the verdict form. According to the plaintiff, this misunderstanding confused the jurors regarding the manner in which they were to answer questions on the verdict form, and this confusion led to the possibility that the verdict was the opposite of what the jury intended. Plaintiff's counsel stated at the hearing on the motion to interview that he intends to seek a new trial based on the post-judgment interview.
This Court stated in Dover Corporation v. Dean, 473 So.2d 710 (Fla. 4th DCA), pet. for rev. denied, 475 So.2d 693 (Fla. 1985), that interviewing jurors after trial requires a showing of something more than conjecture and speculation by the movant as to what went wrong. The court recognized that a jury verdict cannot be attacked for reasons that inhere in the verdict, and a verdict is only vulnerable to charges that are extrinsic to the verdict. Id. at 712. A motion alleging that a juror thought her verdict would bring about a different result or that she miscalculated the damage, or did not understand the judge's instruction on certain matters alleges matters inhering in the verdict and, therefore, are not adequate grounds for granting a jury interview. Id. at 712.
In the instant case, we agree with the defendants' contention that the plaintiff has not set forth an extrinsic matter as his basis for the interview, but instead has attacked the verdict for reasons that inhere in the verdict. Thus, the trial court erred in granting the interview. Accordingly, we reverse and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
ANSTEAD and WARNER, JJ., concur.