PER CURIAM.
Al and Lope Hampton petition this court for a writ of certiorari to review a circuit court order permitting an interview of two jurors. We grant the petition.
Respondent James Kennard was the plaintiff in a motor vehicle negligence action. The jury verdict fixed the parties’ comparative negligence at 12 percent for Hampton and 88 percent for Kennard. Kennard then filed a motion for new trial, alleging in part that the verdict had been affected by juror misconduct. In connection with the motion respondent sought to interview two of the jurors based on two separate incidents.
The first occurred during voir dire when prospective jurors were asked whether they knew any of the lawyers involved in the case. One, who eventually was seated, stated that he “had dealings” with one of Kennard’s attorneys, but indicated no bias resulting from that acquaintance. The juror did not elaborate about those “dealings,” nor was he asked to do so. Kennard now claims that the juror was less than candid in his response; the attorney in question had represented the personal representative in a contested probate case, and the juror had signed an affidavit on behalf of an opposing party in that case.
The other incident occurred during the trial when, allegedly, the husband of a second juror was observed “in the company of the adjustor for the defendant’s insurance carrier.” Additionally, an affidavit submitted by Kennard stated that the juror, during a break in the trial approached both men and told her husband to “just sit there and shut up.”
As to the first episode, we recognize that a verdict may be set aside if it can be shown that a juror gave false information or concealed material facts. Skiles v. Ryder Truck Lines, Inc., 267 So.2d 379 (Fla. 2d DCA 1972), cert. denied, 275 So.2d 253 (Fla.1973). However, we agree with petitioner that the record in this case indicates the juror “fully answered the questions that were asked of him.” As in Schofield v. Carnival Cruise Lines, Inc., 461 So.2d 152, 154 (Fla. 3d DCA 1984), rev. denied, 472 So.2d 1182 (Fla.1985), “[c]ounsel had every opportunity to inquire into all aspects of that relationship and chose not to.”
Turning to the second juror, petitioners dispute that there was sufficient evidence *537 of misconduct. Even if there was, respondent should have brought it to the court’s attention at the time it was observed rather than waiting until after an unsatisfactory verdict. Cf. Nissan Motor Corp. in U.S.A. v. Padilla, 545 So.2d 274 (Fla. 3d DCA 1989).
The petition for writ of certiorari is granted, the order permitting juror interviews is quashed, and this case is remanded to circuit court for further proceedings consistent with this opinion.
DANAHY, A.C.J., and THREADGILL and LAZZARA, JJ., concur.