PER CURIAM.
Petitioner, Harbour Island Security Co., Inc., seeks issuance of a writ of certiorari to quash the order of the circuit court granting Plaintiffs First Amended Motion for Juror Interview. We grant the petition and issue the writ.
Respondents, Jane Doe and John Doe, sued Petitioner for injuries and loss of consortium allegedly sustained as a result of Harbour Island’s negligence in providing security. During deliberations, the jury indicated that it was unable to reach a unanimous verdict. The parties then agreed to accept a majority verdict, which was ultimately returned in Harbour Island’s favor and a final judgment was entered.
Shortly thereafter, the Does moved for a new trial and for juror interview claiming juror misconduct had occurred because one or two jurors had possibly failed to disclose prior lawsuits. Several days later, the motion was amended to include a second basis for new trial; namely, that an anonymous letter[1] received by counsel for the Does indi *1199 cated a possibility that one or more jurors were biased in favor of Harbour Island from the beginning and that outside influences may have intimidated the jurors from rendering a verdict in the Does’ favor.
After a hearing on the juror interview aspect of the motion, the trial court indicated its willingness to allow an interview of one or two jurors who could possibly have written the letter and granted the motion to that extent. The court stated that the motion would fail if brought solely on the basis of juror misconduct in not divulging prior lawsuits, given the Does’ uncertainty of whether the alleged jurors were, in fact, the same individuals named in those prior lawsuits. The court stayed action on the order pending our review.
This court has consistently recognized the strong public policy against juror interviews. See, e.g., Hampton v. Kennard, 633 So.2d 535 (Fla. 2d DCA 1994); Hackman v. City of St. Petersburg, 632 So.2d 84 (Fla. 2d DCA 1993); Nationwide Mutual Fire Insurance Company v. Tucker, 608 So.2d 85 (Fla. 2d DCA 1992); State Department of Transportation v. Rejrat, 540 So.2d 911 (Fla. 2d DCA 1989).
In this instance, the motion and supporting affidavit together with a vague and anonymous letter are purely speculative and, as such, fail to make the requisite prima facie showing that “prejudice resulted or that the misconduct was of such a character as to raise a presumption of prejudice.” Nationwide, 608 So.2d at 88.
The petition is granted, the writ is issued and the order below is quashed.
CAMPBELL, A.C.J., and BLUE and WHATLEY, JJ., concur.

. The letter read:
JANE DOE V. HARBOUR ISLAND.
MY WIFE PUT THE FEAR OF GOD IN ME I MUST LET YOU KNOW THE LADY DID NOT GET A FARE [sic] TRIAL.
AMONG OTHERS I COULD NO GO AGAINST THE ISLAND FEAR OF MY FAMILY. YOU ARE TRYING TO OVERTURN A EMPIRE WHO IS NOT GIVE UP I AM ASHAMED *1199 PLEASE RELAY THIS TO THE LADY. JANE DOE!
RESPECTFULLY
JUROR.