672 So.2d 583 (1996)
Gina Perry PESCI, as Personal Representative of the Estate of William Perry, Deceased, Petitioner,
v.
William S. MAISTRELLIS, M.D., F.R. May, M.D., Allen H. Haydon, M.D., and Florida Surgical Associates, P.A., Respondents.
No. 96-00534.
District Court of Appeal of Florida, Second District.
April 19, 1996.
*584 Thomas W. Carey of Carey & Hilbert, Clearwater, and Sylvia H. Walbolt and Susan L. Landy of Carlton, Fields, Emmanuel, Smith & Cutler, P.A., St. Petersburg, for Petitioner.
Thomas M. Hoeler and William E. Hahn of Shear, Newman, Hahn & Rosenkranz, P.A., Tampa, for Respondents.
LAZZARA, Judge.
The petitioner invokes our certiorari jurisdiction to review the validity of the trial court's order granting the respondents' motion to conduct a postverdict jury interview. For the reasons explained below, we accept jurisdiction, grant the petition, issue the writ, and quash the order under review.
The petitioner obtained a substantial jury verdict against the respondents in a wrongful death action based on medical malpractice. Approximately three weeks after the rendition of the verdict, an unidentified female called the office of respondents' trial attorney and asked to speak with his secretary. When the receptionist advised the caller that the secretary was on vacation, the caller said to tell the secretary two things regarding the case involving petitioner's trial attorneythe jury spoke before voir dire and the verdict was "averaged." When the receptionist asked the caller to identify herself, the caller terminated the conversation. The receptionist immediately transmitted the substance of the caller's message into her law firm's computer phone-mail message system.
Eight days later the respondents filed a motion to interview the jury pursuant to Florida Rule of Civil Procedure 1.431(h). They attached a copy of the computer-generated message[1] and an affidavit of the receptionist attesting to her conversation with the female caller and her preservation of the message. The respondents' motion acknowledged that the source of the message was unknown. They alleged, however, that it was "most likely" one of the female jurors. The respondents' motion also recognized the impossibility *585 of the jury speaking before voir dire "since there was no jury before voir dire." Nevertheless, they asserted that the message implicitly indicated that the jury improperly, and contrary to the trial court's instructions, discussed the case prior to closing arguments. Finally, the respondents alleged that if the amount of the verdict was averaged as indicated in the message, the verdict should be set aside.
At the hearing on the motion, the respondents merely reiterated the allegations of their motion through representations of counsel and offered no additional evidence to support their request for a jury interview.[2] Significantly, respondents' attorney conceded to the trial court that he had no idea what the caller meant in her message about the verdict being "averaged." The trial court later entered a written order granting the motion, determining that there was a basis to inquire of the jurors whether they discussed the case prior to their deliberations and whether they arrived at their verdict by "aggregation and average." It later stayed its order pending our review.
We first address respondents' argument that we should dismiss the petition for lack of jurisdiction because the petitioner has not established that the trial court's order has resulted in material injury that cannot be corrected by a postjudgment appeal, as required by our recent opinion in Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646 (Fla. 2d DCA 1995). Their basic contention is that in the event the trial court determines from the jury interview that a new trial is appropriate, then the petitioner has the remedy of direct appeal from an order granting a new trial.[3] Furthermore, the respondents assert, the petitioner has no standing to enforce the privacy rights of the jurors in this case. The petitioner argues, however, that once the jury is interviewed, the integrity of the jury process has been invaded and such an intrusion cannot be remedied on direct appeal. We reject respondents' jurisdictional argument based on the following analysis.
The law of this state, except under narrowly defined circumstances, has consistently adhered to the general rule, based on sound public policy, prohibiting litigants or the public from invading the privacy of jury deliberations. Baptist Hosp. of Miami, Inc. v. Maler, 579 So.2d 97, 99 (Fla.1991). In recognition of this fundamental rule, this court, as well as other Florida District Courts of Appeal, have traditionally utilized the writ of certiorari to review the propriety of a trial court order granting a motion for jury interview to ensure that such an order will not result in a breach of the sanctity of jury deliberations. See, e.g., Harbour Island Security Co. v. Doe, 652 So.2d 1198 (Fla. 2d DCA), review denied, 662 So.2d 341 (Fla. 1995); Ray Cooke Enters., Inc. v. Parsons, 627 So.2d 1267 (Fla. 4th DCA 1993); Orange County v. Piper, 585 So.2d 1182 (Fla. 5th DCA 1991); Maler v. Baptist Hosp. of Miami, Inc., 559 So.2d 1157 (Fla. 3d DCA 1989), approved, 579 So.2d 97 (Fla.1991).
In our view, the continuing vitality of this fundamental principle would be irreparably and materially harmed if an appellate court were prevented from reviewing the validity of a trial court's order directing a jury interview, except on direct appeal after the interview had occurred. This would mean that an appellate court would be powerless to prevent a trial court, acting under the auspices of rule 1.431(h), from abusing its discretion by conducting an unwarranted intrusion into the private thought processes of jurors to determine what motivated them to return their verdict. To accept such a proposition could open up a "Pandora's box" of unchecked postverdict jury inquiries based on nothing more than speculation and conjecture in clear violation of the rule, which, as *586 we have previously noted, "was not intended to authorize broad hunting expeditions or fishing excursions." National Indem. Co. v. Andrews, 354 So.2d 454, 456 (Fla. 2d DCA), cert. denied, 359 So.2d 1210 (Fla.1978).
Furthermore, we do not perceive that the issue of standing acts as an impediment to prevent a civil litigant such as the petitioner from asserting the privacy interests of jurors who are to be the subjects of a court-ordered jury interview. We find persuasive, in that regard, Edmonson v. Leesville Concrete Co., 500 U.S. 614, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991), in which the Supreme Court held that a civil litigant has standing to raise equal protection claims of jurors excluded by the opposing party because of their race. In our view, a civil litigant's interest in preserving the legally protected sanctity of jury deliberations giving rise to a favorable verdict is no less compelling than the litigant's interest in ensuring that a jury be fairly selected without regard to considerations of race.
We conclude, therefore, that the petitioner has standing to assert the privacy interests of the jurors in this case and has established that the effect of the trial court's order would create "material harm irreparable by postjudgment appeal." Parkway Bank, 658 So.2d 646, 649. Accordingly, we have jurisdiction to determine whether the order departs from the essential requirements of the law. Id.
On the merits, we determine that our disposition of this case is controlled by our recent opinion in Harbour Island Security Company, 652 So.2d 1198. In that case, we utilized our certiorari jurisdiction to review a trial court's order granting a jury interview. The order was based on an anonymous letter, purportedly sent by one of the jurors to the Does' attorney, indicating a possibility that some members of the jury were biased in favor of Harbour Island and that outside influences may have intimidated the jurors from finding in favor of the Does. In quashing the order, we held that "the motion and supporting affidavit together with a vague and anonymous letter are purely speculative and, as such, fail to make the requisite prima facie showing that `prejudice resulted or that the misconduct was of such a character as to raise a presumption of prejudice.'" Id. at 1199 (quoting Nationwide Mut. Fire Ins. Co. v. Tucker, 608 So.2d 85, 88 (Fla. 2d DCA 1992), review denied, 620 So.2d 763 (Fla. 1993)). In this case, we likewise determine that the respondents' motion, coupled with the affidavit of the receptionist and the vague and anonymous message from an unidentified person, were too speculative to justify the entry of the trial court's order authorizing a jury interview. We conclude, therefore, that the trial court deviated from the essential requirements of the law in entering such an order.
Accordingly, we accept jurisdiction in this case, grant the petition, issue the writ, and quash the order under review.
Petition granted, writ of certiorari issued, and order quashed.
RYDER, A.C.J., and ALTENBERND, J., concur.
NOTES
[1] The message read:

a lady called and asked for Mr. Hahn's secretary, i told her that she would be out till tomorrow and she asked if i could just tell her 2 things regarding the case with Tom Carrey... 1) the jury talked before Vordeyer (sp?) and 2) the verdict is averaged.... i asked who was calling and she hung up.
[2] We have previously noted, in that regard, that "[a]n attorney's unsworn statement does not establish a fact in the absence of a stipulation." State v. Brugman, 588 So.2d 279 (Fla. 2d DCA 1991). Accordingly, we see no reason to detail the speculative facts that led respondents' attorney to conclude that the unidentified caller was one of the female members of the jury.
[3] Fla.R.App.P. 9.110(a)(3); see also City of Winter Haven v. Allen, 589 So.2d 968 (Fla. 2d DCA 1991) (reviewing on direct appeal a grant of new trial based in part on the result of a posttrial jury interview), review denied, 599 So.2d 654 (Fla. 1992).