MAKAR, J.,
concurring in part, dissenting in part.
For at least twenty years, Florida trial and appellate courts have followed the principle that because post-verdict interviews of jurors are potentially disruptive of the secrecy and sanctity of juror deliberations, immediate appellate review via a writ of certiorari is available to protect the decision-making process from unwarranted meddling. See Pesci v. Maistrellis, 672 So.2d 583, 585-86 (Fla. 2d DCA 1996) (Florida appellate courts “have traditionally utilized the writ of certiorari to review the propriety of a trial court order granting a motion for jury interview to ensure that such an order will not result in a breach of the sanctity of jury deliberations.”); see also State v. Monserrate-Jacobs, 89 So.3d 294, 296 (Fla. 5th DCA 2012) (“In recognition of this sound public policy [against invasion of the privacy of jury deliberations], Florida courts have traditionally utilized the writ of certiorari to review the propriety of a trial court order granting a motion for juror interview, so as to ensure that such an order will not result in a breach of the sanctity of jury deliberations.”).[4]
The writ of certiorari has been deemed a necessary exercise of judicial power to protect the long-standing public policy of shielding juries from unchecked and unwarranted inquiries into their deliberations. As the Second District said in Pesci, if review of a trial court’s order allowing a jury interview had to await direct appeal, it:
would mean that an appellate court would be powerless to prevent a trial court .,. from abusing its discretion by conducting an unwarranted intrusion into the private thought processes of jurors to determine what motivated them to return their verdict. To accept such a proposition could open up a “Pandora’s box” of unchecked postverdict jury inquiries based on nothing more than speculation and conjecture in clear violation of the rule, which, as we have previously noted, “was not intended to authorize broad hunting expeditions or fishing excursions.”
672 So.2d at 585-86 (citation omitted). Thus, as a matter of judicial policy, it makes sense to allow certiorari review to protect against improper intrusions into jury deliberations before they occur.
Litigants challenging juror interview orders are not required to pursue immediate appellate relief, but they oftentimes do so, which may explain why fewer cases exist where juror interview orders have been reviewed on direct appeal. For example, in *633 Simon v. Maldonado, 65 So.3d 8 (Fla. 3d DCA 2011), the appellant prevailed on direct appeal, establishing that a juror interview should not have occurred, the Third District stating, the “affidavit submitted in support of the motion for juror interview was based factually on speculation, alleging only that there was a ‘possibility” of juror misconduct. Such speculation is not sufficient to warrant the trial court to order a juror interview.” Id. at 11. Had the appellant pursued relief via a certiorari petition, the result would have been the same, but the intrusive juror interview would have been avoided. See City of Winter Haven v. Allen, 589 So.2d 968, 969 (Fla. 2d DCA 1991) (on direct appeal, affirming grant of new trial where trial court “had a reasonable concern, supported by credible information, that the jury’s verdict had been influenced by extrinsic factual matters disclosed in the jury room”); Dover Corp. v. Dean, 473 So.2d 710 (Fla. 4th DCA 1985) (on direct appeal, reversing grant of new trial where motion for jury interviews was legally insufficient). The point is that allowing review of jury interview orders via writ of certiorari or, alternatively on direct appeal, has not proven to be problematic as a matter of judicial administration.
Although it makes some sense to require a showing of irreparable injury to litigants opposing jury interviews to establish the basis for certiorari review (after all, that is what cases not involving jury interviews generally say), the judicial system’s longstanding reverence for protecting juries from unwarranted, irremediable intrusions is based on sound reasoning and has created a bright line that trial and appellate courts have followed for decades. For these reasons, I concur in certifying conflict, but would adopt the rationale of Pesci and other districts that have permitted review of jury interview orders via petitions for writs of certiorari.

. The Fourth District treats petitions for writs of certiorari as appeals from jury interview orders. See, e.g., Travent, Ltd. v. Schecter, 678 So.2d 1345, 1347 (Fla. 4th DCA 1996) (defendant "filed a petition for a writ of common law certiorari, which we treat as an appeal from the [jury interview] order”); Ray Cooke Enter., Inc. v. Parsons, 627 So.2d 1267 (Fla. 4th DCA 1993) (same).